Richard **FULCHER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 65246.

Court of Criminal Appeals of Texas, Panel No. 1.

Nov. 19, 1980.

J. C. Zbranek, Liberty, for appellant.

Carroll E. Wilborn, Jr., Dist. Atty., Jerry E. Andress, Asst. Dist. Atty., Liberty, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and DOUGLAS and TOM G. DAVIS, JJ.

## OPINION

ONION, Presiding Judge.

This is an appeal from an order revoking probation. On February 12, 1974, the appellant entered a plea of guilty before the court to the offense of sodomy. His punishment was assessed at ten (10) years' imprisonment. The imposition of the sentence was suspended and the appellant was placed on probation subject to certain conditions including "(a) Commit no offense against the laws of this state or any state or of the United States."

On March 2, 1978, the State filed a motion to revoke probation alleging (1) that on November 21, 1976, the appellant committed the offense of driving a motor vehicle on a public highway while intoxicated, (2) that on October 25, 1977 he committed the offense of D.W.I., and (3) that on February 11, 1978, appellant committed the offense of D.W.I. All of the offenses were alleged to have occurred in Montgomery County. No action appears to have been taken on said revocation motion.

On June 7, 1978, the State filed a first amended motion to revoke probation alleging the same three D.W.I. offenses as the original motion and added (4) that on February 11, 1978, appellant intentionally and knowingly caused bodily injury to a peace officer, Larry Ballard, in the lawful discharge of his official duties.

On August 31, 1978, the appellant was released subject to the conditions of probation. On January 24, 1979, a second amended motion to revoke probation was filed. It alleged the D.W.I. offense of October 25, 1977, in Montgomery County, a final conviction on July 31, 1978, for resisting arrest in the 221st District Court of Montgomery County, and a D.W.I. offense on or about January 21, 1979, in Liberty County. On November 7, 1979, the court conducted a hearing on appellant's motion to dismiss the second amended revocation motion on the grounds, inter alia, that the conviction for resisting arrest was a lesser included offense of causing bodily injury to officer Ballard alleged and considered by the court on August 31, 1978, when appellant was "continued" on probation. The motion was overruled. On the same date the court commenced a hearing on the said second amended revocation motion, and the appellant entered a "not guilty" plea. The State offered only evidence as to the final conviction for resisting arrest. On January 25, 1980, the hearing continued at which time both sides rested and closed and the State moved to abandon the counts as to the D.W.I. offenses which was granted by the court. On February 6, 1980, the cause was again called and the court revoked probation on the basis of the final conviction for resisting arrest. Sentence was imposed, and notice of appeal was given.

On appeal the appellant contends, in effect, the trial court considered the allegation that he had caused bodily injury to peace officer Ballard while in the performance of his official duties at the "hearing" or proceedings conducted on August 31, 1978, and that it was error to subsequently revoke appellant's probation on the basis of his conviction for the lesser included offense of resisting arrest involving officer Ballard.

The record reflects that on August 31, 1978, the appellant, who told the trial court he could not read or write, was before the court as a result of the first amended motion to revoke probation without his attorney. The State commenced such proceedings by announcing it was going to proceed only on counts three and four, alleging that appellant committed the offense of D.W.I. on or about February 11, 1978, and on the same date had caused bodily injury to Larry Ballard, a peace officer, in the lawful discharge of his duty. Thus counts one and two were waived. Then it immediately announced that the D.W.I. charge in count

three had been dismissed and with regard to count four the charge had been reduced from a felony to a misdemeanor of resisting arrest. Thereafter, the prosecutor stated, "So, based upon that, State would at this time abandon those 2 allegations (counts three and four)." The State then recommended that the appellant be released on probation, requesting of the court an admonishment that the appellant stay out of automobiles while drinking. The court then lectured the appellant on what could happen if the court found a violation of probation in the future. The court concluded its remarks by saying, "Get out of here and behave yourself." The record shows the State abandoned all the counts of the first amended motion to revoke probation, the appellant never entered a plea to the revocation motion, no evidence was offered, etc., and no formal written order is found in the record as a result of the proceedings on August 31, 1978. There is, however, a docket sheet entry dated August 31, 1978, "Defendant continued on probation providing he complies with the terms of his probation."

Article 42.12, § 8(a), V.A.C.C.P., provides for the arrest of a probationer for a violation of his probationary conditions and further provides in part that the court "... after a hearing without a jury, may either continue, modify, or revoke the probation."

Appellant in his argument on appeal relies upon *Wester v. State*, 542 S.W.2d 403 (Tex.Cr.App.1976), and *Wallace v. State*, 575 S.W.2d 512 (Tex.Cr.App.1979). In *Wester, Wallace* and *Furrh v. State*, 582 S.W.2d 824 (Tex.Cr.App.1979), the question presented was whether a trial court following a revocation hearing may continue a defendant on probation although there is an adequate basis for revocation at the time and then subsequently upon report of another violation of probation revoke probation without motion by the State and without a hearing and base the revocation upon the ground or grounds shown at the earlier

hearing. In these cases it was concluded the trial court could not take such action.[1]

The instant case may be distinguished on a factual basis from the cases cited. Here the State in the proceeding on August 31, 1978, abandoned all the counts in the pending motion to revoke. In effect there was then no motion for revocation pending before the court. No plea was required as the State had entirely abandoned the motion and no evidence was heard in support thereof. In fact, no hearing was held. The court admonished the appellant and released him on the same conditions of probation. There was no formal order. The docket sheet entry that the probationer was "continued" on probation cannot be construed in light of the entire record that appellant was "continued" after a hearing contemplated by Article 42.12, § 8a, V.A.C. C.P.

Finding no abuse of discretion, the judgment is affirmed.

---

1. In oral argument appellant cited *Ex parte Feldman*, 593 S.W.2d 720 (Tex.Cr.App.1980). While in this writer's opinion *Feldman* is contrary to *Wester, Wallace* and *Furrh*, it offers no comfort to the appellant and more closely supports the State's position.