**Anthony Quinn MARENO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–82–0046–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

March 10, 1983.

Gerald Fry, Houston, for appellant.

Janiece Longoria, Asst. Dist. Atty., Houston, for appellee.

Before EVANS, C.J., and DOYLE and COHEN, JJ.

## OPINION

COHEN, Justice.

This is an appeal from an order revoking the appellant's probation for burglary and sentencing him to five years imprisonment.

On June 4, 1980, the appellant pled guilty to burglary of a habitation and was sentenced to five years imprisonment. He was subsequently granted "shock probation," pursuant to Tex.Code Crim.Pro.Ann. art. 42.12, § 3e (Vernon 1966).

Subsequently, the State filed three motions to revoke probation. The violations of probation alleged in all three motions were identical. The motions were filed on August 24, September 29, and November 20, 1981. Each alleged that appellant violated the terms of his probation by committing the felony offenses of theft and unauthorized use of a motor vehicle. The first motion to revoke probation was dismissed September 25, 1981, on the State's motion because of the absence of the key witness. The second motion to revoke probation, i.e., the one filed September 29, 1981, was dismissed on the State's motion in court on November 13, 1981, because it incorrectly alleged that appellant received probation on June 4, 1980, when, in fact, he received probation on October 22, 1980.

The third motion to revoke was heard on December 9, 1981. The court found for the defendant on the allegation that he committed felony theft on July 23, 1981, and entered a finding of "not true" to that allegation. However, the court found for the State and entered a finding of "true" to the second allegation of the State's motion to revoke probation, namely, that on August 10, 1981, appellant committed the felony offense of unauthorized use of a motor vehicle. The court revoked appellant's probation and sentenced him to the Texas Department of Corrections for five years.

In his sole ground of error, appellant contends that the trial court abused its discretion by revoking his probation because the court, at the hearing on November 13, 1981, continued him on probation and made a specific ruling that jeopardy had then attached. Therefore, he argues, his probation cannot be validly revoked on December 9, 1981, based on the same allegations which were dismissed on November 13, 1981. Appellant bases his argument on Tex.Code Crim.Pro.Ann. art. 42.12, § 8(a) (Vernon 1966), which provides that the court ". . . after a hearing without a jury, may either continue, modify, or revoke the probation." He argues that on November 13, 1981, the court exercised its discretion by ruling on the merits against the State in dismissing the case, thereby continuing appellant on probation. He further points to the court's comment, "and, I think that probably jeopardy has attached."

Appellant relies on Furrh v. State, 582 S.W.2d 824 (Tex.Cr.App.1979), for the proposition that once the court has exercised its authority at a hearing on the merits of the motion to revoke probation, it cannot change that disposition at a later hearing without proof of a different violation of the conditions of probation. It is undisputed that the State's three motions to revoke probation are identical in their charges against appellant. Even so, appellant's argument is without merit. Furrh, supra, is distinguishable. In Furrh there was a hearing on the merits at the end of which Mr. Furrh was continued on probation. No hearing on the merits occurred in this case. Appellant's counsel specifically asked the court to find the allegations "not true" when the court dismissed the motion to revoke probation on November 13, 1981. The court refused to do so. There were no witnesses presented by either side on the merits of the charges against appellant. Since the court did not then rule or conduct a hearing on the merits, it did not constitute an abuse of discretion under Furrh to revoke appellant's probation for the same violations one month later, after a hearing on the merits. In Furrh, the court stated:

The court having exercised its authority at that earlier hearing by modifying the terms of probation instead of revoking probation, it was clearly without authority to change that disposition at a subsequent hearing at which no further violation of probation was shown. 582 S.W.2d at 827.

█ We further note that the double jeopardy provisions of the Federal and State Constitutions do not apply to revocations of probation. *Davenport v. State,* 574 S.W.2d 73 (Tex.Cr.App.1978); *Shaw v. State,* 622 S.W.2d 862, 864 (Tex.Cr.App. 1981). Therefore, the trial court's comment at the conclusion of the November 13, 1981, hearing, "I think that probably jeopardy has attached," is of no aid to the appellant.

Ground of error number one is overruled.

The judgment of the district court is affirmed.