**Arvis Lee WINKLE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–85–00753–CR.**

Court of Appeals of Texas, Dallas.

May 27, 1986.

Brooke A. Busbee, Dallas, for appellant.

Gilbert P. Howard, Dallas, for appellee.

Before VANCE, DEVANY and SCALES.

SCALES, Justice.

Arvis Lee Winkle appeals from an order revoking his probation. On March 26, 1979, appellant pled guilty to a charge of aggravated assault. The trial court assessed punishment at ten years confinement in the Texas Department of Corrections, suspended imposition of the sentence, and probated the term for ten years.

In four grounds of error, appellant contends that the trial court abused its discretion by revoking appellant's probation upon allegations for which appellant had previously been continued on probation and that the evidence was insufficient to support the trial court's findings that he violated three conditions of his probation. We affirm.

The following chart shows the sequence of events.

February 28, 1985 — Motion to Revoke Probation filed, alleging that appellant:

(1) tested positive on Feb. 20, 1985 for amphetamine use.

(2) failed to report week of Feb. 11–15, 1985.

(3) failed to pay probation fees due Jan.-Feb. 1985.

(4) failed to attend AA meetings week of Feb. 3–9, 1985; attended only one AA meeting week of Feb. 10–16, 1985.

| | |
|---|---|
| March 1, 1985 | Appellant jailed. |
| March 6, 1986 | Motion to Revoke Probation filed, alleging same violations contained in February 28, 1985 motion.[1] |
| March 21, 1985 | Appellant released from jail, taken before the trial court and warned that any further violations would result in warrant and hearing on Motion to Revoke; no formal hearing held. |
| March 25, 1985 | Motion to Withdraw Motion to Revoke filed. Order signed by the trial court that appellant is "continued on probation". |
| May 14, 1985 | Motion to Revoke Probation filed, alleging that appellant: |
| |    * (1) tested positive on Feb. 20, 1985 for amphetamine use. |
| |       (2) tested positive on May 7, 1985 for marijuana use. |
| |    * (3) failed to report week of Feb. 11–15, 1985 |
| |    * (4) failed to attend AA meetings week of Feb. 3–9, 1985; attended only one AA meeting week of Feb. 10–16, 1985. |
| |    * Same allegations as in March 6, 1985 Motion to Revoke |
| May 22, 1985 | Appellant jailed. |
| May 30, 1985 | Formal hearing held. |
| June 6, 1985 | Probation revoked; appellant sentenced. |

In *Fulcher v. State,* 607 S.W.2d 581 (Tex. Crim.App.1980), the court addressed a situation similar to that in the present case. In that case, the State filed a motion to revoke the defendant's probation, alleging three driving-while-intoxicated offenses and alleging that the defendant caused bodily injury to a peace officer. A hearing was set on this motion; however, the State abandoned all counts and the defendant "was released subject to the conditions of probation." *Fulcher,* 607 S.W.2d at 582. The State then filed another motion to revoke probation, which, among other allegations, charged that the defendant had been convicted of resisting arrest. This conviction arose from the bodily injury charge that had been alleged in the State's earlier motion to revoke. The trial court held a hearing and revoked the defendant's probation on the basis of the final conviction for resisting arrest.

On appeal, the Court of Criminal Appeals rejected the defendant's argument that the trial court erred in revoking the defendant's probation upon a ground for which the defendant had earlier been continued on probation. The court stated:

Here, the State ... abandoned all the counts in the pending motion to revoke. In effect there was then no motion for revocation pending before the court. No plea was required as the State had entirely abandoned the motion and no evidence was heard in support thereof. In fact, no hearing was held. The court admonished the [defendant] and released him on the same conditions of probation.

*Fulcher,* 607 S.W.2d at 583. Accordingly, the court held that the defendant was not continued on probation after a hearing as contemplated by article 42.12, section 8(a) of the Texas Code of Criminal Procedure. *See also Mareno v. State,* 651 S.W.2d 812 (Tex.App.—Houston [1st Dist.] 1983, no pet.).

■ We recognize that *Fulcher* was decided before *Hise v. State,* 640 S.W.2d 271 (Tex.Crim.App.1982); *Wright v. State,* 640 S.W.2d 265 (Tex.Crim.App.1982); and *Rogers v. State,* 640 S.W.2d 248 (Tex.Crim.App. 1982) (on rehearing), which held that once a probationer is continued on probation after a hearing on a motion to revoke, probation may not be subsequently revoked without a

1. The record does not show when, if ever, the February 28, 1985 Motion to Revoke Probation was dismissed.

determination that a new violation has been committed. *Hise,* 640 S.W.2d at 271; *Wright,* 640 S.W.2d at 270; *Rogers,* 640 S.W.2d at 255. Those cases are distinguishable from the present case, however, since here, although the State filed a motion to revoke appellant's probation on March 6, no plea was taken, no evidence was heard, and no hearing was held. Because no formal hearing was held, the State was free to refile the motion to revoke and to allege some or all of the offenses it had alleged previously, with or without the allegation of a new violation. Accordingly, we overrule appellant's first ground of error.

In his remaining grounds of error, appellant challenges the sufficiency of the evidence to support each of the allegations made by the State in its motion to revoke. Proof of any one of the alleged violations is sufficient to support the order revoking probation. *Moses v. State,* 590 S.W.2d 469, 470 (Tex.Crim.App.1979). At the hearing on the motion to revoke, appellant admitted that he did not report to the probation officer during the week of February 11, 1985 and further admitted that he did not attend AA meetings on the dates alleged in the motion to revoke. These admissions were sufficient evidence upon which the trial court could revoke probation. Accordingly, we overrule appellant's second, third, and fourth grounds of error.

The judgment of the trial court is affirmed.