In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00091-CV


______________________________








IN THE INTEREST OF


B. T., A CHILD








 


On Appeal from the County Court at Law


Lamar County, Texas


Trial Court No. 72690




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Justice Ross



MEMORANDUM OPINION


 Lester Taylor, appellant, filed, on February 21, 2006, a timely notice of appeal with the
Lamar County Court at Law in this parental rights termination case. On September 1, 2006, we
received a motion to dismiss the appeal for want of prosecution from the Department of Family and
Protective Services. After receiving this motion, we called the Lamar County Court at Law and
confirmed that a notice of appeal had been filed, but was not forwarded to this Court. We now have
this notice of appeal. 

 Taylor has not filed a docketing statement with this Court. See Tex. R. App. P. 32. It appears
that Taylor has neither filed an affidavit of indigency, nor has he made any effort to have either the
clerk's record or reporter's record prepared, and he has not filed a brief. On September 6, 2006, we
contacted Taylor by letter, giving him an opportunity to cure the various defects and warning him
that, if we did not receive an adequate response within ten days, this appeal would be subject to
dismissal for want of prosecution. See Tex. R. App. P. 37.3(b), 42.3(b), (c).






 We have received no communication from Taylor. Pursuant to Tex. R. App. P. 42.3(b), we
dismiss this appeal for want of prosecution. 


 Donald R. Ross

 Justice


Date Submitted: September 28, 2006

Date Decided: September 29, 2006





Bigham to attend and successfully complete the Substance Abuse Felony Punishment Facility
(SAFPF) drug treatment program. (1) Both the State and Bigham state in their briefs that the
modification of the terms of community supervision was pursuant to an agreement between the State
and Bigham. Such an agreed modification is explicitly authorized without the necessity of a hearing
by the trial court. See Tex. Code Crim. Proc. Ann. art. 42.12, § 10(d), (e) (Vernon 2006). 

 On June 13, 2006, the State filed a second application to revoke Bigham's community
supervision. (2) This second application alleged Bigham had violated his community supervision in
several ways: (1) by failing to report to his community supervision officer on the first and fifteenth
days of September and October 2005, as previously ordered by the trial court; (2) by failing to pay
his court costs as directed; and (3) by using illegal narcotics (cocaine) on or about May 20, 2005,
June 17, 2005, July 7, 2005, August 11, 2005, and October 31, 2005. Each of these allegations had
been, in varying forms, raised in the first (dismissed) revocation motion. After conducting a
September 5, 2006, hearing on the State's motion, the trial court found those allegations to be "true,"
revoked Bigham's community supervision, and assessed Bigham's punishment at imprisonment for
one year. 

 Bigham now contends the trial court erred by revoking Bigham's community supervision
based on alleged violations that had been first raised by the State before the trial court's January 29,
2006, order modifying Bigham's conditions of community supervision. In essence, he now insists
the State should not have been permitted to reassert any of the allegations raised in the State's
November 2005 motion because Bigham believes that the trial court's order of modification served
as a jeopardy bar for those earliest allegations. Bigham further contends the State failed to raise any
allegations that had not been presented to the trial court before the January modification order, and,
therefore, the trial court abused its discretion by revoking his community supervision. 

 Bigham acknowledges that these issues were not raised before the trial court and normally
could not be considered on appeal. However, Bigham alleges the error was of such a nature as to
cause the judgment to be void, which allows him to present these arguments on appeal. See Nix v.
State, 65 S.W.3d 664, 668 (Tex. Crim. App. 2001). The thrust of Bigham's argument is this: the
State's motion to revoke community supervision was insufficient to invoke the trial court's
jurisdiction over the issues raised in that motion because the motion did not allege violations other
than those that had been presented in the pre-modification revocation motion. Without an adequate
instrument to invoke the trial court's subject-matter jurisdiction, goes Bigham's argument, the trial
court's judgment based on the post-modification revocation motion is void. To analyze Bigham's
"voidness" argument, we must examine the application of the facts to the controlling legal principles.

 In Fulcher v. State, the Texas Court of Criminal Appeals reviewed a case in which the trial
court had revoked Fulcher's community supervision, but in which the trial court's revocation decision
was supported only by violations that the State had alleged in advance of a different (and earlier)
revocation hearing--and which the State had abandoned at that earlier revocation hearing. 607
S.W.2d 581, 582-83 (Tex. Crim. App. [Panel Op.] 1980). This State's highest criminal court held
that, once the State abandoned all the counts in that earlier revocation motion, and when Fulcher had
never been required to enter a plea to those dismissed allegations, there was essentially "no motion
for revocation pending before the court." Id. at 583. Therefore, the State could, at a later
proceeding, again advance those previously abandoned allegations as a basis for revocation of
Fulcher's community supervision without violating the prohibition against double jeopardy. Id. at
582. Thus, the Texas Court of Criminal Appeals found no abuse of discretion in the trial court's
decision to grant the State's revocation motion. Id. at 583.

 Parallel circumstances lead us to a similar conclusion in the instant matter. The record shows
the State filed a motion to revoke Bigham's community supervision November 10, 2005. The
November 10 revocation motion alleged Bigham had violated his conditions of community
supervision by (a) failing to report to his community supervision officer during the months of
September and October 2005; (b) becoming $125.00 delinquent in paying his court costs of $288.00;
and (c) testing positive for cocaine use on May 20, 2005, June 17, 2005, July 7, 2005, August 11,
2005, October 27, 2005, and October 31, 2005. On January 9, 2006, the State filed a motion to
dismiss its earlier motion to revoke Bigham's community supervision. That same day, the State filed,
and the trial court approved, a motion to modify Bigham's community supervision to include a
commitment to SAFPF. This modification was a result of an agreement between the State and
Bigham. There is no evidence in the clerk's and reporter's records of this case that Bigham ever pled
"true" or "not true" to the allegations contained in the State's November 10 revocation motion. 
Instead, the record suggests the State dismissed those allegations without the hearing contemplated
by Article 42.12, Section 21 of the Texas Code of Criminal Procedure. Cf. id. at 583; Winkle v.
State, 718 S.W.2d 306, 307-08 (Tex. App.--Dallas 1986, no pet.) (because no plea taken to State's
revocation motion, no evidence heard, and no hearing held, State was free to refile a revocation
motion later containing some or all of earlier allegations).

 Without an attachment of jeopardy through either a written confession (by Bigham) or a
formal Section 21 hearing regarding those earlier allegations, nothing in the record before us
persuades us that the State was not free to raise the November motion's allegations again at a
subsequent point in time. Concomitantly, the trial court was free to consider the evidence related
to those "renewed" allegations in determining whether to revoke Bigham's community supervision
at the September 5, 2006, hearing.

 Additionally, however, when the trial court conducted that September 5 hearing, the State
had amended its motion to revoke Bigham's community supervision; this amended motion included
several new allegations which had not been presented in the State's earlier, November 10 motion. 
Those additional allegations charged that Bigham had tested positive for cocaine on August 1 and
August 7, 2006. 

 We find both the old and the new allegations in the amended motion to revoke properly
invoked the subject-matter jurisdiction of the trial court; the order entered was not void. 
Consequently, the failure to preserve the issue at the trial level precludes our consideration of it. 

 Even if we considered the merits of Bigham's argument, we would conclude that no error
occurred. We review a trial court's decision to revoke a defendant's community supervision under
an abuse of discretion standard. Rickels v. State, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). 
Proof of a single violation will support a trial court's decision to revoke the defendant's community
supervision. Id. at 763-64; Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.]
1980); Cochran v. State, 78 S.W.3d 20, 28 (Tex. App.--Tyler 2002, no pet.). The proof of a single
alleged violation, by a preponderance of the evidence, is sufficient to support a trial court's
revocation judgment. Rickels, 202 S.W.3d at 763-64. 

 The trial court received testimony at the revocation hearing from both Verlinda McCalla
(Bigham's community supervision officer) and Bigham. McCalla testified (1) that Bigham failed to
report to his community supervision officer in September and October 2005; (2) that Bigham was
behind schedule in paying his court costs, his fine, and his court-appointed attorney's fees in this
case; and (3) that Bigham has repeatedly failed urinalysis tests and admitted using crack cocaine
while on community supervision. During Bigham's testimony, he admitted he had used cocaine as
recently as two weeks before the revocation hearing. He also admitted having a positive urinalysis
test result for cocaine August 7. And he further affirmed he had previously admitted to McCalla that
he had been using crack cocaine while on community supervision. 

 In ruling on the State's motion to revoke Bigham's community supervision, the trial court
made oral findings of fact and conclusions of law. The trial court found the evidence proved (1) that
Bigham had failed to report to his community supervision officer in both September and October
2005, (2) that Bigham had failed to pay his court costs as directed by the trial court and was thereby
in arrears, and (3) that Bigham had violated his community supervision by using cocaine in violation
of the prohibition against using illegal drugs or narcotics. Based on those findings, the trial court
revoked Bigham's community supervision.

 The trial court received testimony that supports the court's conclusion that Bigham had
violated both the pre-modification allegations and the post-modification allegations contained in the
State's amended motion to revoke. Because jeopardy did not bar the trial court's consideration of the
pre-modification allegations, and because the court received evidence sufficient to support its finding
that Bigham violated the conditions of his community supervision in every way alleged by the State,
the record before us does not reveal that the trial court abused its discretion. Cf. Rickles, 202 S.W.3d
at 764; Fulcher, 607 S.W.2d at 583; Winkle, 718 S.W.2d at 307-08. 

 We overrule Bigham's points of error and affirm the trial court's judgment.



 Jack Carter

 Justice


Date Submitted: July 13, 2007

Date Decided: August 1, 2007


Publish
1. See Tex. Code Crim. Proc. Ann. art. 42.12, § 14 (Vernon 2006); Tex. Gov't Code Ann.
§ 493.009 (Vernon Supp. 2006).
2. Bigham did not successfully complete the SAFPF program due to "extensive medical
conditions."