Glen Ray BIGHAM, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–06–00214–CR.

Court of Appeals of Texas, Texarkana.

Submitted July 13, 2007.

Decided Aug. 1, 2007.

Mark L.L. Welker, Quitman, for appellant.

Henry Whitley, Atty. Pro Tem, Holly Lake Ranch, Jim Wheeler, Dist. Atty., Quitman, for appellee.

Before MORRISS, C.J., CARTER and MOSELEY, JJ.

## OPINION

Opinion by Justice CARTER.

Glen Ray Bigham appeals the trial court's decision to revoke his community supervision. For the reasons set forth below, we overrule his appellate issues and affirm the trial court's judgment.

On April 22, 2005, Bigham pled guilty to possessing less than one gram of cocaine in trial court cause number 18,600–2004. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (Vernon 2003). The trial court assessed Bigham's punishment at two years' imprisonment. However, in accordance with the parties' negotiated plea agreement, the trial court suspended imposition of that sentence and released Bigham to community supervision for a period of five years.

The State filed a motion to revoke Bigham's community supervision November 10, 2005. The State later moved to dismiss this motion January 9, 2006, a request which the trial court approved. On that same date, the trial court modified Bigham's community supervision and directed Bigham to attend and successfully complete the Substance Abuse Felony Punishment Facility (SAFPF) drug treatment program.[1] Both the State and Bigham state in their briefs that the modification of the terms of community supervision was pursuant to an agreement between the State and Bigham. Such an agreed modification is explicitly authorized without the necessity of a hearing by the trial court. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 10(d), (e) (Vernon 2006).

On June 13, 2006, the State filed a second application to revoke Bigham's community supervision.[2] This second application alleged Bigham had violated his community supervision in several ways: (1) by failing to report to his community supervision officer on the first and fifteenth days of September and October 2005, as previously ordered by the trial court; (2) by failing to pay his court costs as directed; and (3) by using illegal

---

1. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 14 (Vernon 2006); TEX. GOV'T CODE ANN. § 493.009 (Vernon Supp.2006).

2. Bigham did not successfully complete the SAFPF program due to "extensive medical conditions."

narcotics (cocaine) on or about May 20, 2005, June 17, 2005, July 7, 2005, August 11, 2005, and October 31, 2005. Each of these allegations had been, in varying forms, raised in the first (dismissed) revocation motion. After conducting a September 5, 2006, hearing on the State's motion, the trial court found those allegations to be "true," revoked Bigham's community supervision, and assessed Bigham's punishment at imprisonment for one year.

Bigham now contends the trial court erred by revoking Bigham's community supervision based on alleged violations that had been first raised by the State *before* the trial court's January 29, 2006, order modifying Bigham's conditions of community supervision. In essence, he now insists the State should not have been permitted to reassert any of the allegations raised in the State's November 2005 motion because Bigham believes that the trial court's order of modification served as a jeopardy bar for those earliest allegations. Bigham further contends the State failed to raise any allegations that had not been presented to the trial court before the January modification order, and, therefore, the trial court abused its discretion by revoking his community supervision.

■ Bigham acknowledges that these issues were not raised before the trial court and normally could not be considered on appeal. However, Bigham alleges the error was of such a nature as to cause the judgment to be void, which allows him to present these arguments on appeal. *See Nix v. State*, 65 S.W.3d 664, 668 (Tex. Crim.App.2001). The thrust of Bigham's argument is this: the State's motion to revoke community supervision was insufficient to invoke the trial court's jurisdiction over the issues raised in that motion because the motion did not allege violations other than those that had been presented

in the pre-modification revocation motion. Without an adequate instrument to invoke the trial court's subject-matter jurisdiction, goes Bigham's argument, the trial court's judgment based on the post-modification revocation motion is void. To analyze Bigham's "voidness" argument, we must examine the application of the facts to the controlling legal principles.

In *Fulcher v. State*, the Texas Court of Criminal Appeals reviewed a case in which the trial court had revoked Fulcher's community supervision, but in which the trial court's revocation decision was supported only by violations that the State had alleged in advance of a different (and earlier) revocation hearing—and which the State had abandoned at that earlier revocation hearing. 607 S.W.2d 581, 582–83 (Tex.Crim.App. [Panel Op.] 1980). This State's highest criminal court held that, once the State abandoned all the counts in that earlier revocation motion, and when Fulcher had never been required to enter a plea to those dismissed allegations, there was essentially "no motion for revocation pending before the court." *Id.* at 583. Therefore, the State could, at a later proceeding, again advance those previously abandoned allegations as a basis for revocation of Fulcher's community supervision without violating the prohibition against double jeopardy. *Id.* at 582. Thus, the Texas Court of Criminal Appeals found no abuse of discretion in the trial court's decision to grant the State's revocation motion. *Id.* at 583.

Parallel circumstances lead us to a similar conclusion in the instant matter. The record shows the State filed a motion to revoke Bigham's community supervision November 10, 2005. The November 10 revocation motion alleged Bigham had violated his conditions of community supervision by (a) failing to report to his community supervision officer during the months

of September and October 2005; (b) becoming $125.00 delinquent in paying his court costs of $288.00; and (c) testing positive for cocaine use on May 20, 2005, June 17, 2005, July 7, 2005, August 11, 2005, October 27, 2005, and October 31, 2005. On January 9, 2006, the State filed a motion to dismiss its earlier motion to revoke Bigham's community supervision. That same day, the State filed, and the trial court approved, a motion to modify Bigham's community supervision to include a commitment to SAFPF. This modification was a result of an agreement between the State and Bigham. There is no evidence in the clerk's and reporter's records of this case that Bigham ever pled "true" or "not true" to the allegations contained in the State's November 10 revocation motion. Instead, the record suggests the State dismissed those allegations without the hearing contemplated by Article 42.12, Section 21 of the Texas Code of Criminal Procedure. Cf. id. at 583; Winkle v. State, 718 S.W.2d 306, 307–08 (Tex.App.-Dallas 1986, no pet.) (because no plea taken to State's revocation motion, no evidence heard, and no hearing held, State was free to refile a revocation motion later containing some or all of earlier allegations).

Without an attachment of jeopardy through either a written confession (by Bigham) or a formal Section 21 hearing regarding those earlier allegations, nothing in the record before us persuades us that the State was not free to raise the November motion's allegations again at a subsequent point in time. Concomitantly, the trial court was free to consider the evidence related to those "renewed" allegations in determining whether to revoke Bigham's community supervision at the September 5, 2006, hearing.

Additionally, however, when the trial court conducted that September 5 hearing, the State had amended its motion to revoke Bigham's community supervision; this amended motion included several new allegations which had not been presented in the State's earlier, November 10 motion. Those additional allegations charged that Bigham had tested positive for cocaine on August 1 and August 7, 2006.

We find both the old and the new allegations in the amended motion to revoke properly invoked the subject-matter jurisdiction of the trial court; the order entered was not void. Consequently, the failure to preserve the issue at the trial level precludes our consideration of it.

 Even if we considered the merits of Bigham's argument, we would conclude that no error occurred. We review a trial court's decision to revoke a defendant's community supervision under an abuse of discretion standard. Rickels v. State, 202 S.W.3d 759, 763 (Tex.Crim.App.2006). Proof of a single violation will support a trial court's decision to revoke the defendant's community supervision. Id. at 763–64; Moore v. State, 605 S.W.2d 924, 926 (Tex.Crim.App. [Panel Op.] 1980); Cochran v. State, 78 S.W.3d 20, 28 (Tex.App.-Tyler 2002, no pet.). The proof of a single alleged violation, by a preponderance of the evidence, is sufficient to support a trial court's revocation judgment. Rickels, 202 S.W.3d at 763–64.

The trial court received testimony at the revocation hearing from both Verlinda McCalla (Bigham's community supervision officer) and Bigham. McCalla testified (1) that Bigham failed to report to his community supervision officer in September and October 2005; (2) that Bigham was behind schedule in paying his court costs, his fine, and his court-appointed attorney's fees in this case; and (3) that Bigham has repeatedly failed urinalysis tests and admitted using crack cocaine while on community supervision. During Bigham's testimony, he admitted he had used cocaine

as recently as two weeks before the revocation hearing. He also admitted having a positive urinalysis test result for cocaine August 7. And he further affirmed he had previously admitted to McCalla that he had been using crack cocaine while on community supervision.

In ruling on the State's motion to revoke Bigham's community supervision, the trial court made oral findings of fact and conclusions of law. The trial court found the evidence proved (1) that Bigham had failed to report to his community supervision officer in both September and October 2005, (2) that Bigham had failed to pay his court costs as directed by the trial court and was thereby in arrears, and (3) that Bigham had violated his community supervision by using cocaine in violation of the prohibition against using illegal drugs or narcotics. Based on those findings, the trial court revoked Bigham's community supervision.

The trial court received testimony that supports the court's conclusion that Bigham had violated both the pre-modification allegations and the post-modification allegations contained in the State's amended motion to revoke. Because jeopardy did not bar the trial court's consideration of the pre-modification allegations, and because the court received evidence sufficient to support its finding that Bigham violated the conditions of his community supervision in every way alleged by the State, the record before us does not reveal that the trial court abused its discretion. *Cf. Rickels*, 202 S.W.3d at 764; *Fulcher*, 607 S.W.2d at 583; *Winkle*, 718 S.W.2d at 307–08.

We overrule Bigham's points of error and affirm the trial court's judgment.