In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-09-00169-CR

                                                ______________________________

 

 

                                     TRINA RAE WINTERS,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                         On Appeal from the 6th Judicial District Court

                                                             Lamar County, Texas

                                                            Trial
Court No. 21179

 

                                                            
                                      

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                     MEMORANDUM 
OPINION

 

            After
having entered a guilty plea on a charge of fraud[1] in
2006, Trina Rae Winters was sentenced to two years’ incarceration, but the
sentence was suspended and she was placed on 
community supervision[2]
for five years.  In May 2009, the State
filed a motion to revoke community supervision, alleging that Winters had
committed a subsequent offense, had failed to report to her supervision officer
as directed, had failed to complete her required community service hours, and
had failed to make regular prescribed payments toward her court-ordered fees,
fines, and restitution.  

            In
response to that motion, the trial court revoked Winters’s community supervision
and sentenced her to eighteen months’ incarceration.  Winters, discontent with the trial court’s
judgment, has raised seven points of error on appeal.[3]  We affirm the trial court’s judgment.   

Standard of Review

            A revocation of community
supervision is reviewed for an abuse of discretion.  Rickels
v. State, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006).  At a revocation hearing,
the State’s burden of proof is by a preponderance of the evidence.  Id.
at 763–64.  The State meets that burden
when the greater weight of the credible evidence creates a reasonable belief
that the defendant violated a condition of his community supervision.  Id.
at 764.  Proof of a single violation is
sufficient to support a revocation order.  Marcum
v. State, 983 S.W.2d 762, 766–67 (Tex. App.––Houston [14th Dist.] 1998,
pet. ref’d).[4]

Winters’s Claim of an Involuntary Plea

            In
her first point of error, Winters claims there was insufficient evidence that
she voluntarily pled “true” to the first three allegations in the motion to
revoke.[5]  The hearing on the State’s motion to revoke
was conducted in a somewhat irregular fashion. 
Unlike usual procedures, the trial court did not ask Winters or her
attorney at the outset of the hearing if they wanted the allegations in the
motion to revoke to be read aloud and did not ask Winters how she pled to each
of the eight allegations prior to hearing testimony.  The record does note the “defendant present.”
 However, without opening argument or
introduction, the State commenced with the presentation of testimony from James
Ross, Winters’s community supervision officer.  Shortly after the commencement of Ross’s
testimony regarding Winters’s failures to comply with the terms and conditions
of her supervision, the State introduced (without objection from Winters) a
certified copy of a judgment of conviction of a 2006 misdemeanor charge wherein
Winters had pled guilty to interference with an emergency telephone call[6]
and had been sentenced to thirty days’ incarceration.  Immediately thereafter, the following
exchange then occurred:  

            THE
COURT:  . . . . I assume your client has
pled not true on this, is that correct, Mr. Starnes [Winters’s counsel]?

 

            .
. . .

 

            [WINTERS’S
COUNSEL]:  Judge, there was [sic] some
allegations she was going to plea [sic] to, some she was pleading not true
to.  They didn’t ask, so we didn’t get to
get into it.   But we can handle it here
during the hearing.

 

            THE
COURT:  Let’s handle it right now.  What are we pleading true to and what are we
pleading not true to?

 

            [WINTERS’S
COUNSEL]:  You’re asking me to -- 

 

            THE
COURT:  I’ll let the State -- I’m asking
you. 

 

            [WINTERS’S
COUNSEL]:  Judge, on the first paragraph
it is a plea of true.  The second
paragraph is a plea of true.  The third
paragraph is a plea of true.  The next
paragraph is a plea of not true, on the next page, on CSR, and then on
payments.[7]

 

            THE COURT: 
Payments are -- she’s pleading not true?

 

            [WINTERS’S COUNSEL]: 
As they are, yes, sir.

 

The trial court never inquired
directly of Winters whether she concurred in her attorney’s pleas or if she
understood the ramifications of those pleas. 
Indeed, Winters did not testify and never spoke at the revocation hearing.
 This is the subject of Winters’s first
point of error:  she claims that because
the trial court never asked Winters personally whether she acquiesced in her
counsel’s pleas of true, there was no evidence that the pleas were voluntarily
made by Winters.  

            Winters
would have this Court apply the requirements of Article 27.13 of the Texas Code
of Criminal Procedure, which states as follows:

A plea of “guilty” or a plea of “nolo contendere”
in a felony case must be made in open court by the defendant in person; and the
proceedings shall be as provided in Articles 26.13 [admonishments to be given a
defendant upon a plea of guilty], 26.14 [jury on guilty plea] and 27.02
[various pleas and motions a defendant may file / enter].  If the plea is before the judge alone, same
may be made in the same manner as is provided for by Articles 1.13 and 1.15.  

 

Tex.
Code Crim. Proc. Ann. art. 27.13 (Vernon 2006).  By the clear language of Article 27.13, it
applies to pleas of guilty or nolo contendere made to a felony charge; there is
no indication the statute applies to pleas made at revocation proceedings.  The “personal plea requirement” of Article 27.13
does not apply to pleas made to enhancement allegations.  Tindel
v. State, 830 S.W.2d 135, 136 (Tex. Crim. App. 1992).    

            Tindel
was convicted of robbery.  At the
punishment phase, the State read the enhancement paragraph in the indictment,
and the trial court asked Tindel how he pled to that allegation.  Tindel’s attorney responded, “Guilty, Your
Honor.”  (In a footnote to the opinion,
it was noted that although a plea of “true” is appropriate in answer to
enhancement allegations, a plea of “guilty” will suffice.)  From the opinion, it appears that the trial
court never inquired of Tindel whether he agreed with his counsel’s plea.  Id.  The opinion quoted an earlier case, “whether
the plea entered by or for the
defendant to the allegations as to prior convictions was ‘not guilty’ or ‘untrue’
is not material . . . .”  Id. (quoting Davis v. State, 429 S.W.2d 895, 896 (Tex. Crim. App. 1968)).  Pointing out that the language of Article
27.13 relates to pleas of “guilty” and “nolo contendere,” the Texas Court
of Criminal Appeals expressly held that the requirements of Article 27.13 do
not apply to enhancement allegations, where a defendant enters pleas of “true.”  Id. at
136–37.  

            In
attempting to prove the existence of a prior conviction for the purpose of
enhancement, the burden is on the State to make that proof beyond a reasonable
doubt.  Reynolds v. State, 227 S.W.3d 355, 361 (Tex. App.––Texarkana 2007, no
pet.).  The proof required in a
revocation proceeding, as noted above, is only by a preponderance of the
evidence.  One would question whether a
greater requirement would be assessed in conjunction with a lower burden of
proof.  We find the reasoning of Tindel analogous to Winters’s situation,
and we can see no reason to apply the requirement that a defendant personally
enter his plea to a felony charge should apply to a revocation proceeding, and
Winters has not convinced us we should, particularly where (as here) there is
no indication in the record that the plea was not voluntarily entered.[8]
 See
Chambers v. State, 700 S.W.2d 597,
598–99 (Tex. Crim. App. 1985), overruled
on other grounds by Reynolds v. State, 4 S.W.3d 13 (Tex. Crim. App. 1999) (“Revocation
proceedings for deferred adjudication probation and ‘regular’ probation are
essentially administrative proceedings and do not involve the same panoply of
rights and considerations applicable to a formal criminal trial.”); see also Cobbs v. State, 851 S.W.2d 871,
873 (Tex. Crim. App. 1993) (“A probation revocation proceeding is neither a
criminal nor a civil trial, but rather an administrative proceeding.”).  The Tindel
court observed that there is a difference between a plea of guilty or nolo contendere
and a plea of true and limited the application of that statute to its plain
language.  Tindel, 830 S.W.2d at 137. 
Based on the unwillingness of the courts to expand Article 27.13 beyond
the instances set out within that statute’s plain meaning, we find Tindel’s reasoning precedential here,
and determine that Article 27.13 does not apply to pleas of “true” in a
proceeding involving a motion to revoke community supervision or to adjudicate
guilt after a deferred adjudication.[9]  Thus, the pleas of true made by Winters’s
attorney were validly made. 

            The
proof of a single alleged violation, by a preponderance of the evidence, is
sufficient to support a trial court’s revocation judgment.  Bigham
v. State, 233 S.W.3d 118, 121 (Tex. App.––Texarkana 2007, no pet.) (citing Rickels, 202 S.W.3d at 763–64). 

Allegations Proven, Even Absent Winters’s
Plea of True

            Even if Winters’s pleas to the first
three allegations were not entered voluntarily, the State sufficiently proved
the charges.  The first two allegations
in the motion to revoke asserted that Winters committed a criminal offense subsequent
to being put on community supervision; specifically, the State alleged that on
or about May 12, 2006, Winters interfered with a person who was attempting to
make an emergency telephone call.  See Tex.
Penal Code Ann. § 42.062.   

            The
State introduced a judgment from a June 22, 2006, misdemeanor wherein Winters
was convicted of “INTERFER [sic] W/ EMERGENCY CALL.”  We assume this refers to “Interference With
Emergency Telephone Call,” see Tex. Penal Code Ann. § 42.062.   According to the judgment, Winters pled
guilty and was sentenced to thirty days in jail.  Ross identified Winters as the person
convicted in the judgment entered as Exhibit 2. 
Ross said that the allegation that Winters interfered with an emergency telephone
call prompted the filing of a motion to revoke in 2006 and that motion was
dismissed when Winters “pled to the new charges.”  From the context of the questioning and Ross’s
answers, the implication is that the earlier motion to revoke was dismissed when
Winters pled guilty and was sentenced to jail time for the charge of
interference with emergency telephone call. 
The trial court’s dismissal of the 2006 motion to revoke specifically
says it was dismissed without prejudice to being refiled based on the same
grounds.   

            Testimony
of a witness who identifies the accused as the same person previously convicted
is sufficient to identify Winters as the person convicted in the earlier
judgment.  Long v. State, 590 S.W.2d 138, 141 (Tex. Crim. App. [Panel Op.] 1979).  In her brief, Winters claims the judgment and
sentence entered into evidence as State’s Exhibit 2 do not say when the offense
occurred or if that offense involved Linda Winters (named in the allegations
contained in the motion to revoke).  Ross
testified that the judgment was “in reference to the . . . alleged violation”
and that Winters had been arrested for pulling a telephone out of the wall at
her mother’s house.  As previously
observed, the standard of proof in a revocation proceeding is proof by a
preponderance of the evidence, rather than proof beyond a reasonable doubt, as
in a criminal trial.  Polk v. State, 729 S.W.2d 749, 750 n.1
(Tex. Crim. App. 1987).  The trial court,
in announcing its decision, stated simply that it found that Winters had
violated the terms of her community supervision without specifying which
evidence prompted the finding; it may be that the plea of “true” had little
impact on that finding.  Even if Winters
had not pled “true” to the allegations of interference with emergency telephone
call, there was sufficient evidence for the trial court to find those
allegations true.

            We
take note of Winters’s third and fourth points of error, where she claims,
respectively, the subsequent offense of interference with emergency telephone
call should not have been considered at the revocation proceeding because (a)
she was not represented by counsel at the misdemeanor plea hearing (point of
error three), and (b) the allegation was previously made in a 2006 motion to
revoke community supervision (point of error four).  These arguments are without merit.   

            As
for Winters’s complaint that she was without the benefit of counsel when she
entered a plea of guilty to the misdemeanor interference with emergency
telephone call charge, the record shows she was convicted in that case on or
about June 22, 2006.  The time for appeal
in that case is well past and that case was never presented to us.  Any complaint Winters might have regarding
her conviction in that 2006 misdemeanor could only be pursued in a collateral
attack (such as a proceeding for habeas corpus relief).  See
Tex. Code Crim. Proc. Ann. arts.
11.01–.65 (Vernon 2005 & Supp. 2009). 
Further, since Winters lodged no objection to the introduction of
evidence of that prior offense at the revocation hearing, such complaint was
waived and she cannot now be heard to complain of any purported lack of counsel
on appeal.  See Hill v. State, 633 S.W.2d
520, 525 (Tex. Crim. App. [Panel Op.] 1981) (op. on reh’g) (defendant failed to
object to enhancement allegation which, on appeal, he claimed was void because
he had not been afforded counsel at that prior proceeding; held, failure to
object at trial to admission of enhancement allegation waived appellate
complaint).  An appeal from an order
revoking probation is limited to the propriety of the revocation.  Corley
v. State, 782 S.W.2d 859, 861 (Tex. Crim. App. 1989).[10]

            Winters
further claims that because the prior criminal offense had been the grist of a
prior revocation motion, it could not be used again.  Winters does not offer supporting legal
authority.  The trial court order
dismissing the 2006 motion to revoke specifically states that the motion which
was the subject of that order was “dismissed without prejudice to the right of
the State to file another Motion to Revoke Community Supervision on the same
grounds.”  Not only was there a stated
reservation to use the offense in future motions, there was never a hearing
held on that previous motion to revoke. 
In Winkle v. State, 718 S.W.2d
306, 308 (Tex. App.––Dallas 1986, no pet.), two motions to revoke, alleging the
same violations, were filed.  Winkle was
taken before the trial court, who warned him further violations would result in
another motion to revoke, but no formal hearing was held.  The motion to revoke (the opinion notes there
is no evidence as to whether the first motion was ever dismissed) was withdrawn
and Winkle was continued on probation.  Two
months later, a third motion to revoke was filed, alleging many of the same
violations previously stated.  After a
formal hearing was held, Winkle’s probation was revoked and he was
sentenced.  The appellate court found no
abuse of discretion.  In Winkle, the Dallas court relied on Fulcher v. State, 607 S.W.2d 581 (Tex.
Crim. App. 1980), where the State abandoned all counts in its motion to revoke,
then filed a second motion, alleging a conviction on conduct which had been
alleged in the first motion.  Noting that
no hearing had been held on the first motion, and when the State abandoned its
allegation, there was “[i]n effect . . . no motion for revocation pending” and
no evidence was taken in regard to the first motion, the Texas Court of
Criminal Appeals concluded there was no error in revoking Fulcher based on
conduct alleged in the two motions.  Id. at 583.[11]  

            Winters’s
situation is similar to those in Winkle
and Fulcher.  Allegations were made in a motion to revoke,
which was then dismissed:  no hearing was
held on that first motion, no evidence or testimony adduced, and no finding or
ruling entered by the trial court.  The
subsequent motion to revoke did allege the same criminal conduct as the first,
but because there was no hearing, finding, or ruling on the alleged conduct
incident to the first motion, there was nothing to prevent the State from
relying on the same conduct in moving to revoke Winters’s community
supervision.  In contrast, we note the
Texas Court of Criminal Appeals’s narrow holding in Ex parte Tarver, 725 S.W.2d 195 (Tex. Crim. App. 1986), wherein the
trial court had found the State’s evidence of assault “totally incredible” and
the motion to revoke allegation “not true.” 
Id. at 198.  The Texas Court of Criminal Appeals
determined that the assault case could not thereafter be prosecuted; it held
that the trial court’s finding of not true on the assault allegation at the
motion to revoke hearing was a specific finding which barred relitigation.  “It is only in the particular circumstances
of this case, where the trial court does make a specific finding of fact that
the allegation is ‘not true,’ that a fact has been established so as to bar re-litigation
of that same fact.”  Id. at 200.  In light of the
circumstances of Winters’s case (especially when considering the specific “reservation
of rights” to use the offense in future revocation proceedings as contained in
the dismissal of the first motion to revoke), we find no error in the State
alleging the same offense in the 2009 motion to revoke.  

            As
noted above, proof of a single violation of the terms of community service is
sufficient to support the entry of an order to revoke.  Marcum,
983 S.W.2d at 766–67.  Having found that
the prior offense could properly be used to revoke the community service and
there was sufficient evidence to meet that burden of proof, we find no abuse of
discretion in the trial court’s revocation of Winters’s community
supervision.  We need not address Winters’s
remaining points of error.  See In
re T.R.S., 115 S.W.3d 318, 321 (Tex. App.––Texarkana 2003, no pet.) (“When
the state’s proof of any of the alleged violations of probation is sufficient
to support a revocation of probation, the revocation should be affirmed.”).  

            We
affirm the trial court’s judgment.

 

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          March
24, 2010

Date Decided:             April
19, 2010

 

Do Not Publish

 











[1]See Tex.
Health & Safety Code Ann. § 481.129 (Vernon 2003).

 





[2]In
the 73rd Legislative Session, the Texas Code of Criminal Procedure was amended
such that the term “probation” was effectively supplanted with “community
supervision.”  See Act of June 19, 1993, 73rd Leg., R.S., ch. 900, § 4.01, 1993
Tex. Gen. Laws 3716.  In this opinion, we
generally use the term “community supervision”; however, in cases predating the
statutory change, or where the cases we have cited use the term “probation,” that
term will be used.

 





[3]Briefly
stated, these points are (1) insufficiency of the evidence to support that an
announcement of “true” to certain violations was voluntarily entered, (2)
insufficiency of the evidence to demonstrate violation of the terms of
community service, (3) that the offense upon which one of the named violations
was based was not validly entered and, thus, could not serve to revoke, (4)
that the offense used as a basis to revoke was ineligible to be used for that
purpose because it had been the basis for a previous motion to revoke community
service, (5) insufficiency of the evidence that Winters had the ability to
comply with the terms of community service, (6) the terms of community service
were so vague and indeterminate as to defy enforcement, and (7) the State
failed in its burden to show that Winters possessed the ability to pay the
costs, attorney’s fees, and restitution ordered in the terms of her community
service. 





[4]“Considering
the unique nature of the revocation hearing and the trial court’s broad
discretion in the proceedings, the general standards for reviewing factual
sufficiency do not apply.  If the greater
weight of credible evidence creates a reasonable belief a defendant has
violated a condition of his or her probation, the trial court’s order of
revocation did not abuse its discretion and must be upheld.”  Pierce
v. State, 113 S.W.3d 431, 436 (Tex. App.––Texarkana 2003, pet. ref’d)
(citations omitted).

 





[5]The
first two allegations in the motion to revoke alleged Winters committed a
criminal offense subsequent to being placed on supervision; the third
allegation charged she had failed to report to the supervision department as
directed.





[6]See Tex.
Penal Code Ann. § 42.062 (Vernon Supp. 2009).

 





[7]The
first two paragraphs alleged Winters violated the terms of her supervision by
committing a new offense, interference with an emergency telephone call; the
third paragraph alleged she failed to report to the community supervision
department as required.  





[8]Although
she does not expressly argue that Article 26.13 should apply, we point out that
Article 27.13 directly references Article 26.13, which among other things
requires a defendant’s plea of guilty be “free and voluntary.”  Tex.
Code Crim. Proc. Ann. art. 26.13(b) (Vernon Supp. 2009).  The admonishments required by Article 26.13
do not apply to probation revocation proceedings.  Gutierrez
v. State, 108 S.W.3d 304, 309–10 (Tex. Crim. App. 2003).

 





[9]We
also observe that there is nothing in the record which indicates that the
announcement of “true” by Winters’s attorney was done without her express
consent.  In the absence of such a
showing, questions about whether her consent was obtained become rather
academic.





[10]The
record is unclear whether Winters had an attorney when she pled to the
interference with emergency telephone call charge.  It is the appellant’s burden to establish he
was not represented by counsel at a prior proceeding.  A defendant has the burden of proving that he
was without counsel and did not voluntarily waive the right to counsel. Disheroon v. State, 687 S.W.2d 332, 334
(Tex. Crim. App. 1985).  Bald assertions
by a defendant that he was without the assistance of counsel at his prior
convictions are not sufficient to overcome the presumption of regularity of the
records before the court in the case.  Id.; see
Taylor v. State, 470 S.W.2d 663, 663
(Tex. Crim. App. 1971) (no error in admission at penalty stage of certified
copies of judgment and sentence which were silent as to whether defendant had
been represented by counsel where no objection made at admission of documents
and “no claim [was] advanced . . . that at the time of such conviction the
appellant was indigent, without counsel and did not waive the right of counsel,
or that he was deprived of counsel in any manner”). “The presumption of
regularity prevails.”  Chancy v. State, 614 S.W.2d 446, 447
(Tex. Crim. App. [Panel Op.] 1981).  





[11]Contrast Hise v. State, 640 S.W.2d 271, 271 (Tex. Crim. App. [Panel Op.] 1982);
Wright v. State, 640 S.W.2d 265, 270
(Tex. Crim. App. [Panel Op.] 1982); and
Rogers v. State, 640 S.W.2d 248, 255 (Tex.
Crim. App. [Panel Op.] 1981) (op. on reh’g) (which held once probationer is
continued on probation after hearing on motion to revoke, probation may not be
subsequently revoked without determination that new violation has been
committed).