

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00108-CR

RICHARD SCOTT CRAWFORD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. 2004-407,817, Honorable Jim Bob Darnell, Presiding

May 7, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Richard Scott Crawford appeals from an order adjudicating him guilty for aggravated assault. Via a single issue, he contends that the trial court erred by finding he violated his community supervision based on allegations made in prior motions to adjudicate guilt. That allegedly was impermissible and a violation of due process. We affirm.

Appellate review of an order revoking probation is confined to whether the trial court abused its discretion. *See Jackson v. State*, 645 S.W.2d 303, 305 (Tex. Crim.

App. 1983); *Caddell v. State*, 605 S.W.2d 275, 277 (Tex. Crim. App. 1980). We find no abuse here.

Appellant does not assert that the State failed to present sufficient evidence illustrating that he violated a condition of his probation. Again, he disputes the use of purported violations asserted in prior motions to adjudicate guilt as a basis to adjudicate guilt in a later motion.

Authority does indicate that the State cannot get two bites at the same apple when it comes to revoking probation or adjudicating guilt. The apple in question is the same incident or violation purporting to justify an adjudication of guilt. If previously alleged in a motion to revoke probation or adjudicate guilt that was heard by the trial court, then it may not be the basis of a subsequent motion to revoke. *See Rodgers v. State*, 640 S.W.2d 248, 250-51 (Tex. Crim. App. 1981) (stating that a "trial court having once exercised its authority and modified the conditions of probation, may not change that disposition at a subsequent hearing where no further violation was shown"). But outside the scope of that prohibition are situations wherein no plea was made to, hearing held on, or evidence received on the prior motion. *Bigham v. State*, 233 S.W.3d 118, 121 (Tex. App.—Texarkana 2007, no pet); *see also Fann v. State*, No. 09-11-00043-CR, 2011 WL 4056668, 2011 Tex. App. LEXIS 7455 (Tex. App.—Beaumont September 14, 2011, no pet.) (holding that absent a formal hearing, the State may re-file its motion to revoke and allege some or all of the violations it had previously alleged, with or without alleging a new violation); *Winkle v. State*, 718 S.W.2d 306, 307-08 (Tex. App.—Dallas 1986, no pet.) (wherein the appellant was not denied due process when the State refiled a motion to revoke probation since neither a plea was made, evidence heard, or a hearing held when the motion was previously filed).

Here, the record contains evidence of sequential motions to adjudicate appellant's guilt. The one filed in 2012 resulted in his adjudication of guilt and ultimate conviction, and it contained allegations averred in a previous motion filed in 2011. Yet, the latter was dismissed without prejudice after appellant and the State negotiated a plea bargain on a separate criminal matter. No formal hearing was held upon the motion; nor did appellant enter a plea to the allegations contained in it.[1] And, though some of the allegations also concerned incidents that occurred prior to the time the State and appellant successfully moved in 2007 to modify the terms of probation to include participation in SAFPF, those allegations were neither alleged in the motion to modify nor the subject of any formal hearing. *See Bigham v. State, supra* (wherein a separate motion to modify the terms of probation resulted in appellant being ordered to SAFPF and the State dismissed its pending motion to revoke). So, the trial court did not have before it a situation triggering the prohibition contemplated by *Rodgers*.

Given the status of the record before us, we overrule appellant's contention and conclude that the trial court did not abuse its discretion. The judgment convicting appellant is affirmed.

Brian Quinn
Chief Justice

Do not publish.

---

[1] The order dismissing, without prejudice, the 2011 motion to adjudicate guilt contained an opening sentence stating: "On the 21 day of July . . . 2011, came to be heard the Motion . . . to set aside the Motion to Proceed with Adjudication of Guilt . . . and it being the opinion of the Court that there is sufficient grounds for setting same aside . . . ." That verbiage appears to be boilerplate incorporated by the party who drafted and submitted the order to the trial court. Though it alludes to a prior hearing, the trial court iterated at the hearing on the 2012 motion that it "did not have a hearing and did not hear evidence regarding the allegations in the [2011] Motion to Proceed to Adjudicate . . . ." Moreover, boilerplate carries little weight when the record shows it to be inaccurate. *See Thomas v. State*, 408 S.W.3d 877, 886-87 (Tex. Crim. App. 2013) (wherein boilerplate regarding the appellant's waiving her right to appeal was negated by the actual circumstances of record).

3