**David A. DAVIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41312.**

Court of Criminal Appeals of Texas.

June 12, 1968.

Rehearing Denied July 24, 1968.

Emmett Colvin, Jr., Mike Barclay, Dallas, for appellant.

Henry Wade, Dist. Atty., Kenneth Blassingame, Ben Ellis, Malcolm Dade, Camille Elliott, and Kerry P. FitzGerald, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is receiving and concealing stolen property of the value of over $50.00. The punishment, enhanced under Art. 63 P.C., life.

Trial was before a jury on a plea of not guilty. The jury having found him guilty, appellant elected to have the jury assess the punishment.

Ground of error No. 1 relates to the hearing on the punishment issue. The complaint is that after the paragraphs of the indictment which alleged two prior convictions for a felony less than capital were read to appellant in the presence of the jury, and again after such allegations were read to the jury, the court required appellant to state whether such allegations were true or false.

The matter complained of was no more than a plea or joinder of issue upon the portion of the indictment which had not been read at the time appellant entered his plea of not guilty before the jury, upon which issue the court would instruct the jury "that if they find the defendant is the same person who was convicted in the prior conviction or convictions alleged for enhancement, they should set his punishment as prescribed by law." Art. 37.07, Sec. 2(b), V.A.C.C.P.

Whether the plea entered by or for the defendant to the allegations as to prior convictions was "not guilty" or "untrue" is not material, though a plea that the allegations are "true" or "untrue" would seem to be more appropriate in view of Sec. 1 of Art. 37.07, supra, which relates to the findings of a jury on special pleas.

Ground of error No. 1 is overruled.

Appellant next complains that he was denied the right of effective counsel at his trial.

Appellant retained two practicing attorneys of the Fort Worth Bar who represented him at his trial. We are unable to conclude from the record that the trial was a farce or a mockery of justice, or that relief on the ground of ineffective or incompetent counsel should be granted under the test authorized in Williams v. Beto, 5 Cir., 354 F.2d 698, 704. See Byrd v. State, Tex.Cr.App., 421 S.W.2d 915.

Appellant's trial counsel being of his own choosing, any incompetency of such counsel cannot be imputed to the state. Howard v. Beto, 5 Cir., 375 F.2d 441; Breedlove v. Beto, D.C., 276 F.Supp. 635; Ex parte Breen, Tex.Cr.App., 420 S. W.2d 932, 935.

Ground of error No. 3 complains of the admission in evidence of the confession of appellant.

Officer J. S. Hobbs, of the Dallas Police Department, testified that appellant was taken before a magistrate and properly ad-

vised of his rights according to Art. 15.17 V.A.C.C.P. Appellant was thereafter placed in jail. The officer testified that he issued a warning to appellant on December 16, 1965, eight days after appellant had been taken before a magistrate, and that the second warning was given in the Dallas County District Attorney's office where appellant had been brought by another police officer. The warning given appellant by Officer Hobbs included advising him that he had the right to have an attorney present and the written confession reflects appellant's statement: "I do not want to talk to a lawyer before making this statement." Thereafter appellant gave the statement in question.

The trial court made a finding that the statement was voluntarily made and was made after the required warnings had been given.

The contention that the confession was inadmissible under the mandate of Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, is overruled. McCandless v. State, Tex.Cr.App., 425 S.W.2d 636; Hernandez v. State, Tex.Cr.App., 425 S.W.2d 653; Anders v. State, Tex.Cr. App., 426 S.W.2d 228; Torres v. State, Tex.Cr.App., 422 S.W.2d 741; Gunter v. State, Tex.Cr.App., 421 S.W.2d 657; Charles v. State, Tex.Cr.App., 424 S.W.2d 909.

■ Appellant next contends that the receipt of evidence relating to some 60 extraneous offenses by the court in the jury's absence deprived him of his freedom of choice as to whether to have the court rather than the jury determine the facts relating to the punishment.

We find no merit in this ground of error.

■ Appellant's remaining ground of error attacks as unconstitutional Sec. 2(b) of Art. 37.07 V.A.C.C.P. (1965) authorizing proof of general reputation and character of the defendant, the ground being that it deprives the accused of a fair and impartial trial and denies his right under the 14th Amendment to the Constitution of the United States and the principles of Pointer v. State of Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923.

This ground of error is overruled.

The judgment is affirmed.