Jimmy Dale **TINDEL**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 1334–89.

Court of Criminal Appeals of Texas, En Banc.

May 6, 1992.

John Manuel, Orange, for appellant.

Stephen C. Howard, Co. Atty., and Samuel J. Louis, Asst. Dist. Atty., Orange, Robert Huttash, State's Atty., Austin, for the State.

---

**2.** All emphasis here and throughout this opinion is mine unless otherwise indicated.

## OPINION ON THE STATE'S PETITION FOR DISCRETIONARY REVIEW

### CAMPBELL, Judge.

Appellant was convicted by a jury for robbery. The judge found true a prior conviction, entered an affirmative finding and assessed punishment at life imprisonment and a Five Thousand Dollar ($5,000.00) fine. On appeal, error was found in the punishment phase and the case was remanded for new punishment only. *Tindel v. State*, 777 S.W.2d 751 (Tex. App.—Beaumont, 1989). We granted the State's petition on two grounds for review which challenge the need for a new punishment hearing under Art. 44.29(b), V.A.C.C.P.

■ On appeal, appellant contended the evidence was insufficient to support the finding on the enhancement paragraph. At the start of the punishment phase of trial and in appellant's presence, the State read the enhancement portion of the indictment. The trial court inquired as to how appellant pled to the paragraph. Appellant's counsel stated "Guilty, Your Honor." [1] The case was recessed pending a presentence investigation. When the punishment hearing was later held, the trial court acknowledged that appellant had pled "true" to the enhancement paragraph. The State tendered a pen packet to prove the prior conviction but later withdrew the offer.

The Court of Appeals considered whether a plea of "true" by the attorney is sufficient or whether the plea must be made by the defendant, and referred to Art. 27.13, V.A.C.C.P. The Court noted that it could find no case where a plea to enhancement allegations was made by counsel. In the instant case, the Court noted that contrary to Art. 27.13, supra, appellant did not himself plead, nor did the trial court make any inquiry of appellant after the plea was given by counsel. The Court concluded that no plea was entered at all. Since there was no other evidence regarding the enhancement allegation, the evidence was insuffi-

cient. The Court also held that the enhancement allegation was not available for resentencing under *Ex parte Sewell*, 742 S.W.2d 393 (Tex.Cr.App.1987). The case was remanded for new punishment only.

■ In its first ground for review, the State maintains the Court of Appeals improperly held that the attorney could not enter the plea on the enhancement allegation for appellant, who was present at the proceedings. The State concedes that there are no cases specifically so holding, but argues that other cases provide guidance.

In *Crowder v. State*, 424 S.W.2d 637 (Tex.Cr.App.1968), the defendant's attorney stated that "we are pleading guilty on the second and third [enhancement] paragraphs" and the defendant stated "those are my cases." This Court held that Art. 27.13, supra, does not apply to a hearing on punishment and found no error. In *Davis v. State*, 429 S.W.2d 895, 896 (Tex.Cr.App. 1968), this Court stated that "[w]hether the plea entered by *or for* the defendant to the allegations as to prior convictions was 'not guilty' or 'untrue' is not material...." [Emphasis in State's petition.] The State argues these cases show this Court accepts pleas to enhancement allegations offered by an attorney on the defendant's behalf.

The State also argues that the cases cited by the Court of Appeals do not support its ruling. Both *Shields v. State*, 608 S.W.2d 924 (Tex.Cr.App.1980), and *Adkison v. State*, 762 S.W.2d 255 (Tex.App.—Beaumont 1988, pet. ref'd), cited by the Court of Appeals, dealt with pleas to *primary* offenses, not enhancement allegations. In *Wilson v. State*, 671 S.W.2d 524 (Tex.Cr. App.1984), there was no evidence of any plea to the enhancement allegation, and in *Smith*, supra, there was no evidence regarding an enhancement allegation.

Initially, we hold that the personal plea requirement in Art. 27.13, supra, does not apply to pleas of "true" to enhancement paragraphs. By its terms, the statute re-

---

1. The Court of Appeals correctly noted that a defendant should plead "true" to enhancement allegations although a plea of "guilty" to such allegations is sufficient. See *Harvey v. State*, 611 S.W.2d 108 (Tex.Cr.App.1981), *cert. denied*, 454 U.S. 840, 102 S.Ct. 149, 70 L.Ed.2d 123 (1981), and *Smith v. State*, 486 S.W.2d 374 (Tex. Cr.App.1972).

lates to pleas of "guilty" or "nolo contendere" in felony cases. Since a defendant properly pleads "true" to enhancement allegations, see fn. 1, supra, Art. 27.13, supra, does not apply. This Court acknowledged the difference between pleas of "guilty" or "not guilty," and pleas to enhancement allegations in *Wilson v. State*, 671 S.W.2d 524 (Tex.Cr.App.1984), at 526, citing *Harvey*, supra, where we noted that the former pleas do not constitute evidence but enhancement pleas do. Also, the cases cited by the Court of Appeals are distinguishable on the bases argued by the State. Thus, the Court of Appeals erred by holding that appellant had to personally enter the plea to the enhancement allegation according to Art. 27.13, supra.

We find that the record in the instant case is sufficient to show that appellant pled "true" to the enhancement allegation. Appellant was present in open court when the State read the enhancement allegation and the trial court asked for the plea. Appellant's attorney had authority to act on appellant's behalf and respond to the inquiries by the court.[2] When the proceedings later resumed and the trial court noted that appellant had pled "true" to the enhancement, no objection was made.

Based upon the preceding, the Court of Appeals erred by reversing the punishment assessed and remanding for a new punishment hearing. Our disposition of this ground renders discussion of the State's second ground for review unnecessary.[3]

The judgment of the Court of Appeals is reversed and the judgment of the trial court is affirmed.

CLINTON, BAIRD and OVERSTREET, JJ., dissent.

---

**2.** There is nothing in the record to show and appellant does not contend that he did not want to plead "true" to the enhancement allegation when it was presented by the State.

**3.** The Court of Appeals sustained appellant's point of error alleging that the affirmative finding was improperly entered because he did not

---

have sufficient notice. The State did not contest this holding in its petition so we express no opinion on the merits of the Court of Appeals' finding. The Court of Appeals' decision on this issue is not affected by this opinion, so we will delete the affirmative finding in accordance with the Court of Appeals' finding.