In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-180 CR


NO. 09-02-181 CR


____________________



WARREN ALPHONCE FRANK, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause Nos. 84459 and 84385






OPINION


 A grand jury indicted Warren Alphonce Frank in Cause No. 84459 for delivery of
a controlled substance, cocaine, in an amount of at least one gram or more, but less than
four grams. The indictment included paragraphs that alleged Frank had twice previously
been finally convicted of a felony offense. The grand jury indicted Warren Alphonce
Frank in Cause No. 84385 for possession of a controlled substance, cocaine, in an amount
of at least four grams or more, but less than two hundred grams. That indictment also
included paragraphs that alleged Frank had twice previously been finally convicted of a
felony offense. Frank entered non-negotiated guilty pleas to the court in both cases, and
was sentenced as a repeat offender (1) to concurrent twenty year terms of confinement in the
Texas Department of Criminal Justice, Institutional Division. 

 The two issues raised on appeal contend that the evidence is legally and factually
insufficient to support the allegations in the enhancement paragraphs. Both indictments
included the following paragraph: 

 AND THE GRAND JURORS AFORESAID, upon their oaths
aforesaid, do further present in and to said Court, at said term, that before
the commission of the primary offense, the Defendant was finally convicted
of the felony of Possession of a Controlled Substance on October 7, 1996,
in Cause No. 67076, in the 252nd District Court of Jefferson County, Texas,


 . . . .


 Frank argues that he did not plead "true" to the enhancement paragraph. This
argument is not supported by the record. After the defendant waived reading of the
indictment, the trial court took Frank's pleas, as follows:

 THE COURT: Mr. Frank, in Cause Number 84385, the indictment
in that case alleges that on May 1st of 2001 in this county you intentionally
and knowingly possessed a controlled substance; that being cocaine, which
had a weight of between 4 grams and 200 grams.


 The indictment also alleges that you were previously convicted on
October 7th, 1996 in this county for the offense of possession of a controlled
substance.


 It is alleged that after that had become final and before the
commission of this offense, you were finally convicted of possession of a
controlled substance on February the 14th, 2000 in this county.


 And do you plead guilty or not guilty to that Mr. Frank?


 THE DEFENDANT: Guilty.


 THE COURT: In Cause Number 84459, the indictment alleges that
on May the 1st of 2001 in this county you intentionally and knowingly
delivered by actual transfer to David McDaniel; cocaine, in an amount of
between 1 and 4 grams.


 It also alleges those same two previous felony convictions in exactly
the same order.


 And do you plead guilty or not guilty to that?


 THE DEFENDANT: Guilty. 


 Frank signed judicial confessions that stated, "I have read the charging instrument
and my attorney has explained it to me and I committed each and every element alleged."
He responded affirmatively when asked by the court, "And in each case did you actually
do everything that I've told you they charged you with?" 

 As a trial to the court, these were unitary, rather than bifurcated, proceedings. The
pre-sentence investigation report was prepared and presented to the court at the sentencing
hearing. The pre-sentence investigation report includes the following entry in Frank's
criminal history: 

 

Date of 

Offense
 Offense
 Disposition
04-29-94
Possession of a Controlled

Substance
06-12-95; Eight (8) Years Probation,

$1000.00 Fine

10-07-96; REVOKED, Five (5) Years

TDCJ-ID

10-17-97; Paroled


During the hearing, defense counsel admitted, "If the Court would note Mr. Frank has
previously received probation and was revoked and received 5 years in the Institutional
Division." 

 "[A]n accused, having entered a plea of 'true' to an enhancement paragraph of the
indictment, cannot be heard to complain that the evidence is insufficient to support same." 
Harvey v. State, 611 S.W.2d 108, 111 (Tex. Crim. App. 1981). The practice of pleading
"true" or "untrue" to that part of the indictment that affects the punishment range
originates from the bifurcated hearing in a jury trial. See Davis v. State, 429 S.W.2d 895,
896 (Tex. Crim. App. 1968); Tex. Code Crim. Proc. Ann. art. 37.07, § 1(a) (Vernon 
1981) ("The verdict in every criminal action must be general. When there are special
pleas on which a jury is to find they must say in their verdict that the allegations in such
pleas are true or untrue."). Nevertheless, a plea of "guilty" to an enhancement paragraph
functions as the typical plea of "true." Tindel v. State, 830 S.W.2d 135 (Tex. Crim. App.
1992). The judge used an indefinite word, "that," in taking the defendant's pleas, but he
had just paraphrased both the primary offense and the enhancement paragraphs. The trial
court thus solicited a single response to both the primary offenses and the enhancement
allegations. By responding "guilty," Frank entered a plea not only to the allegations on
the primary offenses, but also to the allegations regarding prior convictions. Although the
usual procedure calls for soliciting separate responses to the primary offense and the prior
convictions, these were unitary proceedings, not bifurcated ones; no one objected to the
manner in which the pleas were taken; and the defense acknowledged the prior conviction. 
Frank's "guilty" pleas included a plea sufficient to establish the truth of the enhancement
allegations without additional evidence from the State. 

 Issues one and two are overruled. The judgments are affirmed.

 AFFIRMED.


 PER CURIAM


Submitted on October 4, 2002

Opinion Delivered October 16, 2002

Do Not Publish 


Before Walker, C.J., Burgess and Gaultney, JJ.
1. The second alleged prior offense was a state jail felony.