

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-09-00169-CR

_____

TRINA RAE WINTERS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th Judicial District Court
Lamar County, Texas
Trial Court No. 21179

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

After having entered a guilty plea on a charge of fraud[1] in 2006, Trina Rae Winters was sentenced to two years' incarceration, but the sentence was suspended and she was placed on community supervision[2] for five years. In May 2009, the State filed a motion to revoke community supervision, alleging that Winters had committed a subsequent offense, had failed to report to her supervision officer as directed, had failed to complete her required community service hours, and had failed to make regular prescribed payments toward her court-ordered fees, fines, and restitution.

In response to that motion, the trial court revoked Winters's community supervision and sentenced her to eighteen months' incarceration. Winters, discontent with the trial court's judgment, has raised seven points of error on appeal.[3] We affirm the trial court's judgment.

---

[1]*See* TEX. HEALTH & SAFETY CODE ANN. § 481.129 (Vernon 2003).

[2]In the 73rd Legislative Session, the Texas Code of Criminal Procedure was amended such that the term "probation" was effectively supplanted with "community supervision." *See* Act of June 19, 1993, 73rd Leg., R.S., ch. 900, § 4.01, 1993 Tex. Gen. Laws 3716. In this opinion, we generally use the term "community supervision"; however, in cases predating the statutory change, or where the cases we have cited use the term "probation," that term will be used.

[3]Briefly stated, these points are (1) insufficiency of the evidence to support that an announcement of "true" to certain violations was voluntarily entered, (2) insufficiency of the evidence to demonstrate violation of the terms of community service, (3) that the offense upon which one of the named violations was based was not validly entered and, thus, could not serve to revoke, (4) that the offense used as a basis to revoke was ineligible to be used for that purpose because it had been the basis for a previous motion to revoke community service, (5) insufficiency of the evidence that Winters had the ability to comply with the terms of community service, (6) the terms of community service were so vague and indeterminate as to defy enforcement, and (7) the State failed in its burden to show that Winters possessed the ability to pay the costs, attorney's fees, and restitution ordered in the terms of her community service.

**Standard of Review**

A revocation of community supervision is reviewed for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). At a revocation hearing, the State's burden of proof is by a preponderance of the evidence. *Id*. at 763–64. The State meets that burden when the greater weight of the credible evidence creates a reasonable belief that the defendant violated a condition of his community supervision. *Id*. at 764. Proof of a single violation is sufficient to support a revocation order. *Marcum v. State*, 983 S.W.2d 762, 766–67 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd).[4]

**Winters's Claim of an Involuntary Plea**

In her first point of error, Winters claims there was insufficient evidence that she voluntarily pled "true" to the first three allegations in the motion to revoke.[5] The hearing on the State's motion to revoke was conducted in a somewhat irregular fashion. Unlike usual procedures, the trial court did not ask Winters or her attorney at the outset of the hearing if they wanted the allegations in the motion to revoke to be read aloud and did not ask Winters how she pled to each of the eight allegations prior to hearing testimony. The record does note the "defendant present." However, without opening argument or introduction, the State commenced

---

[4]"Considering the unique nature of the revocation hearing and the trial court's broad discretion in the proceedings, the general standards for reviewing factual sufficiency do not apply. If the greater weight of credible evidence creates a reasonable belief a defendant has violated a condition of his or her probation, the trial court's order of revocation did not abuse its discretion and must be upheld." *Pierce v. State*, 113 S.W.3d 431, 436 (Tex. App.—Texarkana 2003, pet. ref'd) (citations omitted).

[5]The first two allegations in the motion to revoke alleged Winters committed a criminal offense subsequent to being placed on supervision; the third allegation charged she had failed to report to the supervision department as directed.

3

with the presentation of testimony from James Ross, Winters's community supervision officer. Shortly after the commencement of Ross's testimony regarding Winters's failures to comply with the terms and conditions of her supervision, the State introduced (without objection from Winters) a certified copy of a judgment of conviction of a 2006 misdemeanor charge wherein Winters had pled guilty to interference with an emergency telephone call[6] and had been sentenced to thirty days' incarceration. Immediately thereafter, the following exchange then occurred:

> THE COURT: . . . . I assume your client has pled not true on this, is that correct, Mr. Starnes [Winters's counsel]?
>
> . . . .
>
> [WINTERS'S COUNSEL]: Judge, there was [sic] some allegations she was going to plea [sic] to, some she was pleading not true to. They didn't ask, so we didn't get to get into it. But we can handle it here during the hearing.
>
> THE COURT: Let's handle it right now. What are we pleading true to and what are we pleading not true to?
>
> [WINTERS'S COUNSEL]: You're asking me to --
>
> THE COURT: I'll let the State -- I'm asking you.
>
> [WINTERS'S COUNSEL]: Judge, on the first paragraph it is a plea of true. The second paragraph is a plea of true. The third paragraph is a plea of true. The next paragraph is a plea of not true, on the next page, on CSR, and then on payments.[7]

---

[6]*See* TEX. PENAL CODE ANN. § 42.062 (Vernon Supp. 2009).

[7]The first two paragraphs alleged Winters violated the terms of her supervision by committing a new offense, interference with an emergency telephone call; the third paragraph alleged she failed to report to the community supervision department as required.

THE COURT: Payments are -- she's pleading not true?

[WINTERS'S COUNSEL]: As they are, yes, sir.

The trial court never inquired directly of Winters whether she concurred in her attorney's pleas or if she understood the ramifications of those pleas. Indeed, Winters did not testify and never spoke at the revocation hearing. This is the subject of Winters's first point of error: she claims that because the trial court never asked Winters personally whether she acquiesced in her counsel's pleas of true, there was no evidence that the pleas were voluntarily made by Winters.

Winters would have this Court apply the requirements of Article 27.13 of the Texas Code of Criminal Procedure, which states as follows:

> A plea of "guilty" or a plea of "nolo contendere" in a felony case must be made in open court by the defendant in person; and the proceedings shall be as provided in Articles 26.13 [admonishments to be given a defendant upon a plea of guilty], 26.14 [jury on guilty plea] and 27.02 [various pleas and motions a defendant may file / enter]. If the plea is before the judge alone, same may be made in the same manner as is provided for by Articles 1.13 and 1.15.

TEX. CODE CRIM. PROC. ANN. art. 27.13 (Vernon 2006). By the clear language of Article 27.13, it applies to pleas of guilty or nolo contendere made to a felony charge; there is no indication the statute applies to pleas made at revocation proceedings. The "personal plea requirement" of Article 27.13 does not apply to pleas made to enhancement allegations. *Tindel v. State*, 830 S.W.2d 135, 136 (Tex. Crim. App. 1992).

Tindel was convicted of robbery. At the punishment phase, the State read the enhancement paragraph in the indictment, and the trial court asked Tindel how he pled to that

5

allegation. Tindel's attorney responded, "Guilty, Your Honor." (In a footnote to the opinion, it was noted that although a plea of "true" is appropriate in answer to enhancement allegations, a plea of "guilty" will suffice.) From the opinion, it appears that the trial court never inquired of Tindel whether he agreed with his counsel's plea. *Id.* The opinion quoted an earlier case, "whether the plea entered by *or for* the defendant to the allegations as to prior convictions was 'not guilty' or 'untrue' is not material . . . ." *Id.* (quoting *Davis v. State*, 429 S.W.2d 895, 896 (Tex. Crim. App. 1968)). Pointing out that the language of Article 27.13 relates to pleas of "guilty" and "nolo contendere," the Texas Court of Criminal Appeals expressly held that the requirements of Article 27.13 do not apply to enhancement allegations, where a defendant enters pleas of "true." *Id.* at 136–37.

In attempting to prove the existence of a prior conviction for the purpose of enhancement, the burden is on the State to make that proof beyond a reasonable doubt. *Reynolds v. State*, 227 S.W.3d 355, 361 (Tex. App.—Texarkana 2007, no pet.). The proof required in a revocation proceeding, as noted above, is only by a preponderance of the evidence. One would question whether a greater requirement would be assessed in conjunction with a lower burden of proof. We find the reasoning of *Tindel* analogous to Winters's situation, and we can see no reason to apply the requirement that a defendant personally enter his plea to a felony charge should apply to a revocation proceeding, and Winters has not convinced us we should, particularly where (as here)

6

there is no indication in the record that the plea was not voluntarily entered.[8]  *See Chambers v. State*, 700 S.W.2d 597, 598–99 (Tex. Crim. App. 1985), *overruled on other grounds by Reynolds v. State*, 4 S.W.3d 13 (Tex. Crim. App. 1999) ("Revocation proceedings for deferred adjudication probation and 'regular' probation are essentially administrative proceedings and do not involve the same panoply of rights and considerations applicable to a formal criminal trial."); *see also Cobbs v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993) ("A probation revocation proceeding is neither a criminal nor a civil trial, but rather an administrative proceeding.").  The *Tindel* court observed that there is a difference between a plea of guilty or nolo contendere and a plea of true and limited the application of that statute to its plain language.  *Tindel*, 830 S.W.2d at 137.  Based on the unwillingness of the courts to expand Article 27.13 beyond the instances set out within that statute's plain meaning, we find *Tindel*'s reasoning precedential here, and determine that Article 27.13 does not apply to pleas of "true" in a proceeding involving a motion to revoke community supervision or to adjudicate guilt after a deferred adjudication.[9]  Thus, the pleas of true made by Winters's attorney were validly made.

---

[8]Although she does not expressly argue that Article 26.13 should apply, we point out that Article 27.13 directly references Article 26.13, which among other things requires a defendant's plea of guilty be "free and voluntary." TEX. CODE CRIM. PROC. ANN. art. 26.13(b) (Vernon Supp. 2009).  The admonishments required by Article 26.13 do not apply to probation revocation proceedings.  *Gutierrez v. State*, 108 S.W.3d 304, 309–10 (Tex. Crim. App. 2003).

[9]We also observe that there is nothing in the record which indicates that the announcement of "true" by Winters's attorney was done without her express consent.  In the absence of such a showing, questions about whether her consent was obtained become rather academic.

The proof of a single alleged violation, by a preponderance of the evidence, is sufficient to support a trial court's revocation judgment. *Bigham v. State*, 233 S.W.3d 118, 121 (Tex. App.—Texarkana 2007, no pet.) (citing *Rickels*, 202 S.W.3d at 763–64).

**Allegations Proven, Even Absent Winters's Plea of True**

Even if Winters's pleas to the first three allegations were not entered voluntarily, the State sufficiently proved the charges. The first two allegations in the motion to revoke asserted that Winters committed a criminal offense subsequent to being put on community supervision; specifically, the State alleged that on or about May 12, 2006, Winters interfered with a person who was attempting to make an emergency telephone call. *See* TEX. PENAL CODE ANN. § 42.062.

The State introduced a judgment from a June 22, 2006, misdemeanor wherein Winters was convicted of "INTERFER [sic] W/ EMERGENCY CALL." We assume this refers to "Interference With Emergency Telephone Call," *see* TEX. PENAL CODE ANN. § 42.062. According to the judgment, Winters pled guilty and was sentenced to thirty days in jail. Ross identified Winters as the person convicted in the judgment entered as Exhibit 2. Ross said that the allegation that Winters interfered with an emergency telephone call prompted the filing of a motion to revoke in 2006 and that motion was dismissed when Winters "pled to the new charges." From the context of the questioning and Ross's answers, the implication is that the earlier motion to revoke was dismissed when Winters pled guilty and was sentenced to jail time for the charge of interference with emergency telephone call. The trial court's dismissal of the 2006 motion to

8

revoke specifically says it was dismissed without prejudice to being refiled based on the same grounds.

Testimony of a witness who identifies the accused as the same person previously convicted is sufficient to identify Winters as the person convicted in the earlier judgment. *Long v. State*, 590 S.W.2d 138, 141 (Tex. Crim. App. [Panel Op.] 1979). In her brief, Winters claims the judgment and sentence entered into evidence as State's Exhibit 2 do not say when the offense occurred or if that offense involved Linda Winters (named in the allegations contained in the motion to revoke). Ross testified that the judgment was "in reference to the . . . alleged violation" and that Winters had been arrested for pulling a telephone out of the wall at her mother's house. As previously observed, the standard of proof in a revocation proceeding is proof by a preponderance of the evidence, rather than proof beyond a reasonable doubt, as in a criminal trial. *Polk v. State*, 729 S.W.2d 749, 750 n.1 (Tex. Crim. App. 1987). The trial court, in announcing its decision, stated simply that it found that Winters had violated the terms of her community supervision without specifying which evidence prompted the finding; it may be that the plea of "true" had little impact on that finding. Even if Winters had not pled "true" to the allegations of interference with emergency telephone call, there was sufficient evidence for the trial court to find those allegations true.

We take note of Winters's third and fourth points of error, where she claims, respectively, the subsequent offense of interference with emergency telephone call should not have been

9

considered at the revocation proceeding because (a) she was not represented by counsel at the misdemeanor plea hearing (point of error three), and (b) the allegation was previously made in a 2006 motion to revoke community supervision (point of error four). These arguments are without merit.

As for Winters's complaint that she was without the benefit of counsel when she entered a plea of guilty to the misdemeanor interference with emergency telephone call charge, the record shows she was convicted in that case on or about June 22, 2006. The time for appeal in that case is well past and that case was never presented to us. Any complaint Winters might have regarding her conviction in that 2006 misdemeanor could only be pursued in a collateral attack (such as a proceeding for habeas corpus relief). *See* TEX. CODE CRIM. PROC. ANN. arts. 11.01–.65 (Vernon 2005 & Supp. 2009). Further, since Winters lodged no objection to the introduction of evidence of that prior offense at the revocation hearing, such complaint was waived and she cannot now be heard to complain of any purported lack of counsel on appeal. *See Hill v. State*, 633 S.W.2d 520, 525 (Tex. Crim. App. [Panel Op.] 1981) (op. on reh'g) (defendant failed to object to enhancement allegation which, on appeal, he claimed was void because he had not been afforded counsel at that prior proceeding; held, failure to object at trial to admission of enhancement allegation waived appellate complaint). An appeal from an order revoking probation is limited to the propriety of the revocation. *Corley v. State*, 782 S.W.2d 859, 861 (Tex. Crim. App. 1989).[10]

---

[10]The record is unclear whether Winters had an attorney when she pled to the interference with emergency telephone call charge. It is the appellant's burden to establish he was not represented by counsel at a prior proceeding. A

10

Winters further claims that because the prior criminal offense had been the grist of a prior revocation motion, it could not be used again. Winters does not offer supporting legal authority. The trial court order dismissing the 2006 motion to revoke specifically states that the motion which was the subject of that order was "dismissed without prejudice to the right of the State to file another Motion to Revoke Community Supervision on the same grounds." Not only was there a stated reservation to use the offense in future motions, there was never a hearing held on that previous motion to revoke. In *Winkle v. State*, 718 S.W.2d 306, 308 (Tex. App.—Dallas 1986, no pet.), two motions to revoke, alleging the same violations, were filed. Winkle was taken before the trial court, who warned him further violations would result in another motion to revoke, but no formal hearing was held. The motion to revoke (the opinion notes there is no evidence as to whether the first motion was ever dismissed) was withdrawn and Winkle was continued on probation. Two months later, a third motion to revoke was filed, alleging many of the same violations previously stated. After a formal hearing was held, Winkle's probation was revoked and he was sentenced. The appellate court found no abuse of discretion. In *Winkle*, the Dallas court relied on *Fulcher v. State*, 607 S.W.2d 581 (Tex. Crim. App. 1980), where the State

---

defendant has the burden of proving that he was without counsel and did not voluntarily waive the right to counsel. *Disheroon v. State*, 687 S.W.2d 332, 334 (Tex. Crim. App. 1985). Bald assertions by a defendant that he was without the assistance of counsel at his prior convictions are not sufficient to overcome the presumption of regularity of the records before the court in the case. *Id.*; *see Taylor v. State*, 470 S.W.2d 663, 663 (Tex. Crim. App. 1971) (no error in admission at penalty stage of certified copies of judgment and sentence which were silent as to whether defendant had been represented by counsel where no objection made at admission of documents and "no claim [was] advanced . . . that at the time of such conviction the appellant was indigent, without counsel and did not waive the right of counsel, or that he was deprived of counsel in any manner"). "The presumption of regularity prevails." *Chancy v. State*, 614 S.W.2d 446, 447 (Tex. Crim. App. [Panel Op.] 1981).

11

abandoned all counts in its motion to revoke, then filed a second motion, alleging a conviction on conduct which had been alleged in the first motion. Noting that no hearing had been held on the first motion, and when the State abandoned its allegation, there was "[i]n effect . . . no motion for revocation pending" and no evidence was taken in regard to the first motion, the Texas Court of Criminal Appeals concluded there was no error in revoking Fulcher based on conduct alleged in the two motions. *Id.* at 583.[11]

Winters's situation is similar to those in *Winkle* and *Fulcher*. Allegations were made in a motion to revoke, which was then dismissed: no hearing was held on that first motion, no evidence or testimony adduced, and no finding or ruling entered by the trial court. The subsequent motion to revoke did allege the same criminal conduct as the first, but because there was no hearing, finding, or ruling on the alleged conduct incident to the first motion, there was nothing to prevent the State from relying on the same conduct in moving to revoke Winters's community supervision. In contrast, we note the Texas Court of Criminal Appeals's narrow holding in *Ex parte Tarver*, 725 S.W.2d 195 (Tex. Crim. App. 1986), wherein the trial court had found the State's evidence of assault "totally incredible" and the motion to revoke allegation "not true." *Id.* at 198. The Texas Court of Criminal Appeals determined that the assault case could not thereafter be prosecuted; it held that the trial court's finding of not true on the assault allegation

---

[11]*Contrast Hise v. State*, 640 S.W.2d 271, 271 (Tex. Crim. App. [Panel Op.] 1982); *Wright v. State*, 640 S.W.2d 265, 270 (Tex. Crim. App. [Panel Op.] 1982); *and Rogers v. State*, 640 S.W.2d 248, 255 (Tex. Crim. App. [Panel Op.] 1981) (op. on reh'g) (which held once probationer is continued on probation after hearing on motion to revoke, probation may not be subsequently revoked without determination that new violation has been committed).

at the motion to revoke hearing was a specific finding which barred relitigation. "It is only in the particular circumstances of this case, where the trial court does make a specific finding of fact that the allegation is 'not true,' that a fact has been established so as to bar re-litigation of that same fact." *Id.* at 200. In light of the circumstances of Winters's case (especially when considering the specific "reservation of rights" to use the offense in future revocation proceedings as contained in the dismissal of the first motion to revoke), we find no error in the State alleging the same offense in the 2009 motion to revoke.

As noted above, proof of a single violation of the terms of community service is sufficient to support the entry of an order to revoke. *Marcum*, 983 S.W.2d at 766–67. Having found that the prior offense could properly be used to revoke the community service and there was sufficient evidence to meet that burden of proof, we find no abuse of discretion in the trial court's revocation of Winters's community supervision. We need not address Winters's remaining points of error. *See In re T.R.S.*, 115 S.W.3d 318, 321 (Tex. App.—Texarkana 2003, no pet.) ("When the state's proof of any of the alleged violations of probation is sufficient to support a revocation of probation, the revocation should be affirmed.").

We affirm the trial court's judgment.


Bailey C. Moseley
Justice


13

Date Submitted:  March 24, 2010
Date Decided:   April 19, 2010

Do Not Publish