**Affirmed and Opinion Filed May 13, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-01391-CR

**GERARDO PEDRAZA, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. F-12-53082-I**

## MEMORANDUM OPINION

Before Justices Bridges, Francis, and Myers
Opinion by Justice Bridges

Gerardo Pedraza appeals his conviction for burglary of a habitation. A jury convicted Pedraza, found an enhancement allegation to be true, and assessed his punishment at twenty-seven years' imprisonment and a $10,000 fine. In a single point of error, Pedraza argues he did not respond to the enhancement allegations at trial as required and, thus, a new sentencing hearing is required. We affirm the trial court's judgment. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4.

On March 7, 2012, at 11:15 p.m., Dallas police officers responded to a call of a burglary of a residence. At approximately the same time, two officers were patrolling in a marked squad car the same area as the burglary and noticed a vehicle driving around with its trunk open and a red air compressor hanging out of the trunk. The officers followed the vehicle to investigate.

After following the vehicle in a complete circle and determining the driver's actions were suspicious, the officers activated their overhead lights to initiate a traffic stop. The vehicle stopped; however, before the officers could exit their squad car, the vehicle took off in an attempt to elude the officers. Pursuant to Dallas police policy, the officers did not pursue the suspects, but they did put out the vehicle's description over the radio. Two other officers spotted the suspect vehicle with Pedraza driving and followed it until it stopped. When Pedraza and his accomplice saw the police, they fled on foot. Pedraza was apprehended after a short chase.

Meanwhile, the complainant of the residential burglary gave the police a detailed description of items missing from his home. The complainant also arrived at the scene of Pedraza's arrest and identified all of the property in the vehicle as his stolen items except for the air compressor. Further, the watch Pedraza was wearing at the time of his arrest was an expensive watch that had just been taken from the complainant's home.

On April 11, 2012, Pedraza was indicted for burglary of a habitation. A jury trial ensued on September 30, 2013. Prior to entry of the jury, the indictment was read, and Pedraza's attorney interrupted before entry of Pedraza's plea and asked the court to "admonish him one more time." The following discussion took place:

> THE COURT: All right. What's the State's best offer on this case?
>
> STATE ATTORNEY: The State's offer today is going to be 7 years, Judge.
>
> THE COURT: All right. Mr. Pedraza, do you understand the range of punishment for this type offense – I don't know if they can prove this burglary case. I can't prove -- I don't know if they can prove you were the person that went in or you were the wheelman or the good-eye or what, but if they can prove one of those three things, then you could -- they could -- you could get convicted of this burglary of a habitation case. And the range of punishment for that type of offense is confinement from 2 years all the way up to 20 years, *but they've got an enhancement paragraph alleged that says you had another burglary case back in -- you were convicted back in October of 2011. I don't know if they can prove that*

*you had that conviction or not, but if they can, you're looking at 5 years in the pen up to 99 years or life and a fine up to $10,000.*

Now, I don't know about when you went to school, but I went to school a long time ago and 7 years was a lot less than 99.

THE DEFENDANT: Yes, sir.

THE COURT: But that was, you know, many years ago. Also, *if you've got another conviction, it's possible you could get stacked, which means the time on this case would start after that time stops.* So I don't know if you want to go ahead and talk with [your attorney] about this some more or not, but I assume that, you know, when we're done with this, 7 years goes away, and you're looking at 5 to 99.

(Emphasis added). The enhancement paragraph in the indictment alleged Pedraza was convicted of the felony offense of Burglary of Habitation, in the 283rd Judicial District Court of Dallas County, Texas, in cause number F09-72657, on the 19th day of October, 2011. While the indictment and jury charge only included the October 2011 prior offense of burglary, during the trial the State offered a stipulation of evidence that was signed by Pedraza and included prior convictions for possession of cocaine and felony driving while intoxicated.[1] The record shows Pedraza did not object to the admission of the stipulation. The jury found Pedraza guilty of burglary of a habitation and assessed his punishment at twenty-seven years' imprisonment and a $10,000 fine.

Here, after reading the verdict, the court asked the State to read the rest of the indictment. The State read the enhancement paragraph as follows:

MR. TAYLOR: This is the -- this is a separate paragraph. And it is further presented to said Court, that prior to the commission of the offense or offenses set out above, the defendant was finally convicted of a felony offense of burglary of a habitation in the 283rd Judicial District Court in Dallas County, Texas, in Cause Number F09-72657, on the 19th day of October, 2011. Against the peace and dignity of the State. Signed, Craig Watkins, Criminal District Attorney of Dallas County. And signed, Foreman of the Grand Jury.

---

[1] The record shows appellant's possession of cocaine conviction resulted in a sentence of 180 days' confinement, his DWI third conviction resulted in a sentence of four years' confinement, and his burglary of a habitation conviction resulted in a sentence of four years' confinement.

The court asked Pedraza how he pled. Pedraza's attorney answered, "True." The jury then left the courtroom while Pedraza's attorney made some objections. After overruling the objections, the court asked, "Do you still want to plead true?" to which the attorney replied, "Yes, sir." Then Pedraza's attorney asked Pedraza, "It is true, isn't it? It's your prior conviction, right?" to which Pedraza replied, "uh-huh."

If prior convictions are alleged by the State for punishment-enhancement purposes, the proper procedure is for the trial court to ask the accused to enter a formal plea to those allegations during the punishment phase of the trial. TEX. CODE CRIM. PROC. ANN. art. 36.01(a)(1) (West 2007). The code of criminal procedure provides that, when prior convictions are alleged for purposes of enhancement only and are not jurisdictional, that portion of the indictment or information reciting such convictions shall not be read until the hearing on punishment is held. *Id.*; *Jones v. State*, 111 S.W.3d 600, 610 (Tex. App.—Dallas 2003, pet. ref'd).

Appellant was not required to personally enter the plea to the enhancement allegation. *Tindel v. State*, 830 S.W.2d 135, 137 (Tex. Crim. App. 1992). In *Tindel*, appellant was present in open court when the State read the enhancement allegation and the trial court asked for the plea. *Id.* The court held appellant's attorney had authority to act on appellant's behalf and respond to the inquiries by the court. *Id.* The court pointed out that, when the proceedings later resumed and the trial court noted that appellant had pled "true" to the enhancement, no objection was made. *Id.* Under these circumstances, the court concluded the record was sufficient to show appellant pled "true" to the enhancement allegation. *Id.* Similarly, we conclude the record in this case shows appellant pled "true" to the enhancement allegation when his attorney answered "true." *See id.*

Having considered the record, we conclude it shows Pedraza entered a plea of true to the enhancement allegations. The only time Pedraza voiced any concern during the taking of the plea to the enhancement paragraph came when the trial court admonished him on the enhanced punishment range. After additional explanation, Pedraza stated he understood. Consequently, the record does not support his complaint. We overrule Pedraza's sole issue.

We affirm the trial court's judgment.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b).
131391P.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

GERARDO PEDRAZA, Appellant

No. 05-13-01391-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 2, Dallas County, Texas
Trial Court Cause No. F-12-53082-I.
Opinion delivered by Justice Bridges.
Justices Francis and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered May 13, 2015.