

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-22-00195-CR

_____

HERBERT AUBRERY JOHNSON, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 396th District Court
Tarrant County, Texas
Trial Court No. 1362700D

---

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Bassel

## MEMORANDUM OPINION

### I. Introduction

Appellant Herbert Aubrery Johnson made an open plea of guilty to aggravated assault causing serious bodily injury and received a ten-year sentence. *See* Tex. Penal Code Ann. §§ 12.33, 22.02. He filed a motion for "shock probation," which the trial court granted, and the trial court suspended his sentence and placed him on ten years' community supervision. Seven years later, the State sought to revoke Johnson's community supervision, alleging that he had failed to report, had left Tarrant County without authorization, and had failed to charge his electronic monitor.[1] The trial court's judgment reflects that Johnson pleaded "true" to these allegations and received a ten-year sentence.

In a single point, Johnson complains that the trial court erred by accepting pleas from his counsel instead of requiring him to enter his own pleas, relying on Code of Criminal Procedure Article 27.13. Because Article 27.13 does not apply to a plea of "true" in a revocation proceeding, we affirm.

### II. Discussion

Article 27.13 states in pertinent part that "[a] plea of 'guilty' or a plea of 'nolo contendere' in a felony case must be made in open court by the defendant in person." Tex. Code Crim. Proc. Ann. art. 27.13. At the revocation hearing, the trial court

---

[1]The State also alleged a failure to pay supervision fees, but the trial court did not consider this ground.

asked Johnson whether each of the State's allegations was true or not true, and Johnson's counsel replied that they were true "with extenuating circumstances." Johnson then testified that he had failed to report because he had been depressed after his father died, acknowledged having been out of state without permission, and agreed that he had failed to charge his electronic monitor.

In *Tindel v. State*, the Court of Criminal Appeals stated that "[b]y its terms, [Article 27.13] relates to pleas of 'guilty' or 'nolo contendere' in felony cases," and not to pleas of "true" to enhancement allegations. 830 S.W.2d 135, 136–37 (Tex. Crim. App. 1992). The appellant's trial counsel had entered a plea of "guilty" (which should have been a plea of "true") to an enhancement allegation during the trial's punishment phase, and at the subsequent proceeding after presentence investigation, no one objected when the trial court noted that the appellant had pleaded "true" to the enhancement allegation. *Id.* at 136 & n.1. The intermediate court remanded for a new punishment trial, reasoning that under Article 27.13, no plea had been entered when trial counsel entered the plea, the trial court made no inquiry of the appellant after counsel gave the plea, and no other evidence on the enhancement allegation was adduced. *Id.* at 136.

The Court of Criminal Appeals determined otherwise, explaining that Article 27.13's personal-plea requirement does not apply to pleas of "true" to enhancements both because the statute's plain language does not address pleas of "true" and because of the difference between guilty pleas and enhancement-allegation pleas. *Id.* at 136–

3

37. The court concluded that the record was sufficient to show that the appellant had pleaded "true" because (1) he had been present in open court when the State read the allegation and the trial court asked for the plea, (2) his counsel had authority to act on his behalf and to respond to the trial court's inquiries, and (3) no one objected to the trial court's noting that the appellant had pleaded "true" to the enhancement when the proceedings resumed. *Id.* at 137. The court also stated that there was "nothing in the record to show[,] and appellant d[id] not contend[,] that he did not want to plead 'true' to the enhancement allegation when it was presented by the State." *Id.* at 137 n.2; *see also Costilla v. State*, 146 S.W.3d 213, 217 (Tex. Crim. App. 2004) (holding that Article 27.13 does not require an oral guilty plea and that a complaint arguing a deviation from Article 27.13 should be evaluated factually).[2]

Although we have not previously addressed the issue of a "true" plea by counsel at a revocation hearing, our sister courts have done so in unpublished opinions that, while not precedential, are persuasive. *See Winters v. State*, No. 06-09-

---

[2]While the better practice is to inquire of the defendant personally what his plea is, the lack of an oral plea from the defendant himself may not render it involuntary. *Costilla*, 146 S.W.3d at 217. In *Costilla*, the appellant was represented by a bilingual attorney who entered a guilty plea on his behalf. 146 S.W.3d at 214. The appellant also submitted plea documents in which he stipulated to the evidence, admitted guilt, and acknowledged that he understood the plea admonishments. *Id.* at 215. The appellant answered, in English, "Probation," when asked, "What do you want the Judge to do with you?" *Id.* In his motion for new trial, he did not refer to the trial court's failure to obtain an oral guilty plea from him. *Id.* at 216. The court noted, "[A]ll the facts point to [his] voluntary desire to plead guilty: [he] was present, the plea was entered in open court by [him], albeit through his bi-lingual attorney. That is all the statute requires." *Id.* at 217.

00169-CR, 2010 WL 1555503, at *3 (Tex. App.—Texarkana Apr. 19, 2010, no pet.) (mem. op., not designated for publication) (relying on *Tindel*'s reasoning); *see also Carr v. State*, No. 07-13-00159-CR, 2014 WL 950137, at *2 (Tex. App.—Amarillo Mar. 6, 2014, no pet.) (mem. op., not designated for publication) (relying on *Winters* for the proposition that Article 27.13's requirements do not apply to revocation proceedings).

At the community-supervision revocation hearing in *Winters*, the trial court asked, "What are we pleading true to and what are we pleading not true to?" and her counsel listed the pleas of true and not true; the trial court never directly inquired of the appellant, who was present, whether she concurred in her attorney's pleas or whether she understood their ramifications, and she did not testify and never spoke at the hearing. 2010 WL 1555503, at *1–2. On appeal, she complained that there was insufficient evidence that she had voluntarily pleaded "true" and argued that the court should apply Article 27.13. *Id.* The court instead found *Tindel*'s reasoning analogous, particularly because there was no indication that her plea was not voluntarily entered, and it held that Article 27.13 does not apply to pleas of "true" in a revocation proceeding. *Id.* at *3. The court also noted, "[T]here is nothing in the record [that] indicates that the announcement of 'true' by [the appellant's] attorney was done without her express consent." *Id.* at *3 n.9.

We agree that Article 27.13's plain language and *Tindel* compel that conclusion: Article 27.13 does not apply to a plea of "true" in a revocation proceeding and, in the absence of a showing that a "true" plea is entered without the defendant's express

5

consent, trial counsel has the authority to respond to the trial court's inquiries. *See Tindel*, 830 S.W.2d at 137 & n.2; *Winters*, 2010 WL 1555503, at *3 & n.9.

Here, the record shows that Johnson pleaded "true" because he was present in open court when the trial court listed the State's allegations and asked for his plea, which counsel gave under his authority to act on Johnson's behalf. *See Tindel*, 830 S.W.2d at 137. Further, the record reflects that Johnson testified about the allegations' truth, and there is nothing to show that he did not want to plead true or that his counsel acted without his consent. *See id.* at 137 n.2; *see also Costilla*, 146 S.W.3d at 217; *Winters*, 2010 WL 1555503, at *1–3 & n.9. We overrule Johnson's sole point.

### III.  Conclusion

Having overruled Johnson's sole point, we affirm the trial court's judgment.

/s/ Dabney Bassel

Dabney Bassel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  April 6, 2023