# NO. 12-22-00204-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DAVID LYON WILLIS,* *APPELLANT* | § | *APPEAL FROM THE 87TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

David Lyon Willis appeals his conviction for indecency with a child. In his sole issue, Appellant alleges that trial counsel provided ineffective assistance during the punishment phase of trial. We affirm.

### BACKGROUND

Appellant was charged by indictment with indecency with a child by contact, a second-degree felony.[1] Before trial, Appellant elected to have the jury assess his punishment in the event of a conviction. The State filed notice of its intent to seek enhancement of Appellant's punishment, in which it alleged that Appellant was twice previously convicted of indecency with a child by contact. The notice stated that if the jury should find the enhancements "true," the trial court must impose a sentence of life imprisonment. The jury found Appellant "guilty," and the State agreed to allow Appellant to change his election regarding punishment and instead have the trial court assess punishment because "his previous sexual abuse of a child case makes this an automatic life sentence[.]"

When the enhancement allegations were read aloud and the trial court asked Appellant how he pleaded to the enhancement allegations, Appellant's counsel stated, "my client will plead true

---

[1] *See* TEX. PENAL CODE ANN. § 21.11(a)(1), (d) (West 2019).

to the enhancements." The State introduced into evidence a penitentiary packet to prove Appellant's prior convictions, and the prosecutor stated, "because the prior enhancements were of a sexual nature with a child, that means that this . . . is an automatic life sentence." When the trial judge noted that Appellant pleaded "true" to the enhancement allegations, no objection was made. The trial judge assessed Appellant's punishment at life imprisonment. This appeal followed.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In his sole issue, Appellant contends he received ineffective assistance of counsel during the punishment phase of trial. Specifically, Appellant argues that counsel did not inform him that the trial court could only sentence him to life imprisonment, counsel pleaded "true" to the enhancement allegations on Appellant's behalf rather than Appellant pleading "true" himself, and counsel did not ensure that Appellant's plea of "true" was intelligently and voluntarily made. Appellant argues that he "may have had a defense to the enhancements[,]" but was not given any opportunity to present a defense.

## Standard of Review and Applicable Law

In reviewing an ineffective assistance of counsel claim, we follow the United States Supreme Court's two-pronged test in *Strickland v. Washington*, 466 U.S 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). *Hernandez v. State*, 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1986). To prevail on a claim of ineffective assistance of counsel, an appellant must show that (1) trial counsel's representation was deficient, and (2) the deficient performance prejudiced the defense to the extent that there is a reasonable probability that the result of the proceeding would have been different but for trial counsel's deficient performance. *Strickland*, 466 U.S. at 687, 694, 104 S. Ct. at 2064, 2068. An appellant must prove both prongs of *Strickland* by a preponderance of the evidence. *Tong v. State,* 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). Failure to make the required showing as to either prong defeats an appellant's ineffectiveness claim. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

To establish deficient performance, an appellant must show that trial counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. *See Strickland*, 466 U.S. at 687-88, 104 S. Ct. at 2064-65; *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005). "This requires showing that [trial] counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth

Amendment." ***Strickland***., 466 U.S. at 687, 104 S. Ct. at 2064. To establish prejudice, an appellant must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. ***Id***., 466 U.S. at 694, 104 S. Ct. at 2068. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." ***Id***.

We must begin with the strong presumption that counsel was effective, and we must presume that counsel's actions and decisions were professional and were motivated by sound trial strategy. *See **Jackson v. State***, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). "Appellate review of defense counsel's representation is highly deferential and presumes that counsel's actions fell within the wide range of reasonable and professional assistance." ***Bone v. State***, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). This deferential standard applies to alleged ineffective assistance that occurs during the punishment phase. *See **Hernandez v. State***, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999). An appellant must overcome the presumption that, under the circumstances, the challenged actions might be considered sound trial strategy. ***Strickland***, 466 U.S. at 689, 104 S. Ct. at 2065; ***Tong***, 25 S.W.3d at 712.

"Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." ***Thompson***, 9 S.W.3d at 813. When, as here, no record focusing on trial counsel's conduct was developed at a hearing on a motion for new trial, it is extremely difficult to show that counsel's performance was deficient. *See **Bone***, 77 S.W.3d at 833; ***Thompson***, 9 S.W.3d at 814. Absent an opportunity for trial counsel to explain the conduct in question, we will not find deficient performance unless the challenged conduct was "'so outrageous that no competent attorney would have engaged in it.'" ***Goodspeed v. State***, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (quoting ***Garcia v. State***, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)).

## Analysis

As discussed above, the State's notice of intent to seek enhancement stated that if the enhancements were found to be "true," Appellant's sentence would automatically be life imprisonment. After Appellant pleaded "true," the prosecutor again stated that Appellant would automatically receive a life sentence because the prior enhancements involved sexual conduct with a child. The record does not affirmatively demonstrate that Appellant was not informed about the consequences of pleading "true" to the enhancement allegations, nor does it affirmatively

3

demonstrate that Appellant might have asserted defenses to the enhancement allegations. *See Thompson*, 9 S.W.3d at 813; *see also Bone*, 77 S.W.3d at 833.

Additionally, Article 27.13 of the Texas Code of Criminal Procedure, which requires that, in felony cases, a defendant must plead "guilty" or "nolo contendere" in person, does not apply to pleas of "true" to enhancement paragraphs. *Tindel v. State*, 830 S.W.2d 135, 136 (Tex. Crim. App. 1992); *see* TEX. CODE CRIM. PROC. ANN. art. 27.13 (West 2006). Appellant was present in open court when the State read the enhancement allegations and the trial court asked for the plea, and his attorney possessed authority to act on his behalf and to respond to inquiries by the trial court. *See Tindel*, 830 S.W.2d at 136 (upholding plea to enhancement allegation made by counsel on defendant's behalf).

The record does not affirmatively demonstrate that counsel was deficient when he pleaded "true" to the enhancement allegations on Appellant's behalf. *See id.*; *Thompson*, 9 S.W.3d at 813; *see also* TEX. CODE CRIM. PROC. ANN. art. 27.13. In addition, the record does not affirmatively demonstrate that defense counsel failed to ensure that Appellant pleaded "true" to the enhancements intelligently and voluntarily. *See Thompson*, 9 S.W.3d at 813. Appellant has not rebutted the presumption that trial counsel's actions and decisions were reasonably professional and motivated by sound trial strategy. *See Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *see also Tong*, 25 S.W.3d at 712; *Thompson*, 9 S.W.3d at 813. Because the record does not demonstrate that counsel's performance was deficient, Appellant has failed to satisfy the first prong of *Strickland*. *See Strickland*, 466 U.S. at 687, 694, 104 S. Ct. at 2064, 2068; *Goodspeed*, 187 S.W.3d at 392; *Tong,* 25 S.W.3d at 712; *Thompson*, 9 S.W.3d at 813. Because Appellant failed to demonstrate the first prong of *Strickland*, we need not address the second prong. *See* TEX. R. APP. P. 47.1; *Thompson*, 9 S.W.3d at 813. We overrule issue one.

### DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered April 20, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 20, 2023**

**NO. 12-22-00204-CR**

**DAVID LYON WILLIS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 87th District Court

of Anderson County, Texas (Tr.Ct.No. 87CR-21-34861)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*