In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00202-CR

                                                ______________________________

 

 

                               JOHN ANDREW PEDERSON,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 336th
Judicial District Court

                                                             Fannin County, Texas

                                                      Trial Court No. CR-09-23260

 

                                                   
                                               

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                     MEMORANDUM  OPINION

 

            John
Andrew Pederson entered a plea of guilty to aggravated assault and a plea of
“true” to the issue of use of a deadly weapon (not a firearm) in the commission
of that offense; he then submitted the question of punishment to a jury.  The jury assessed a verdict of ten years’
imprisonment and a $10,000.00 fine, but recommended that Pederson be granted
community supervision.  The trial judge
sentenced Pederson in accord with the jury’s verdict, placing Pederson on
community supervision for ten years.  At
the time, Pederson was homeless and the community supervision department helped
him gain admission to a program administered by the Veterans Administration
(VA).  Pederson’s terms of community
supervision were amended to require him to 

attend and participate in all Veteran
Administration programs eligible and shall reside in a Veteran Administration
residential program if eligible. 
Defendant shall abide by all rules and regulations of Veteran
Administration and follow all recommendations by the Veteran Administration
and/or CSCD[1] Officer . . .
.

 

Pederson failed to complete the
program and was “irregularly discharged” from the VA program and a motion to
revoke his community supervision was filed less than three months after he was
granted that status.  It is from the
order of revocation of community supervision that Pederson has appealed.

            In
its motion to revoke community supervision, the State alleged four violations
of the terms of community supervision. 
The only violation[2]
the trial court found to be true was the allegation that Pederson had 

failed to attend, participate In all Veteran
Administration Programs and failed to reside at the Veterans Residential
Program.  Defendant failed to abide by
all the rules and regulations of Veteran Administration and failed to follow
all recommendations by Veteran Administration and the CSCD Officer.  Defendant failed to notify the CSCD Officer
of his whereabouts, thereby violating condition (#39) of the terms and
conditions of community supervision.

 

After a hearing, the trial court
entered an order revoking the community supervision and sentencing Pederson to
ten years’ imprisonment and the payment of the $10,000.00 fine.  

            In
Pederson’s sole issue on appeal, he alleges that the trial court abused its
discretion.  He bases his argument on the
fact that since the State failed to introduce any of the VA rules and
regulations, it failed to “prove by a preponderance of the evidence the
specific allegation that Mr. Pederson violated an actual rule or
regulation” of the VA.  The State argues
that Pederson failed to follow all the recommendations by the VA.[3]  More to the point here, the State continues
that, “even if Appellant did not violate a particular rule or regulation of VA,
his behavior was still contrary to the specific instructions of the VA staff,
and it was within the trial court’s reasonable discretion to find his behavior
violated his conditions of probation.” 
We agree with the State.

            We
review a trial court’s decision to revoke community supervision under an abuse of
discretion standard and examine the evidence in the light most favorable to the
trial court’s order. Pierce v. State,
113 S.W.3d 431, 436 (Tex. App.––Texarkana 2003, pet. ref’d).  The State has the burden of proving a
violation of community supervision by a preponderance of the evidence.  Antwine
v. State, 268 S.W.3d 634, 636 (Tex. App.—Eastland 2008, pet. ref’d).  In a community supervision revocation
hearing, the trial court is the sole trier of fact.  Jones
v. State, 787 S.W.2d 96, 97 (Tex. App.—Houston [1st Dist.] 1990, pet.
ref’d).  The trial court also determines
the credibility of the witnesses and the weight to be given their testimony.  Id.  It may accept or reject any or all of the
witnesses’ testimony.  Mattias v. State, 731 S.W.2d 936, 940
(Tex. Crim. App. 1987).  A trial court
does not abuse its discretion to revoke a defendant’s community supervision if
the State presents sufficient evidence that the defendant violated at least one
term of the community supervision agreement as alleged in the State’s motion to
revoke.  Tex. Code Crim. Proc. Ann. art. 42.12, § 21 (West Supp. 2009)
(State must prove every element of at least one ground for revocation by
preponderance of evidence); Moore v.
State, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); Bigham v. State, 233 S.W.3d 118, 121
(Tex. App.––Texarkana 2007, no pet.).  

            The
record contains ample evidence that Pederson failed to follow all the
recommendations of the VA.  The State
introduced business records from the VA which indicate that Pederson failed to
obey commands of VA employees and failed to attend classes, attend counseling,
and turn in written work assignments, as well as having stolen property from
another resident veteran.  When asked, “You
didn’t adhere to the requirements of the VA and the program, did you,” Pederson
responded, “No, sir.”  Pederson admitted
that he had missed two medical appointments[4] and
that he had failed to attend classes regarding credit counseling and anger
management.[5]  Eventually, the VA placed Pederson on
“behavioral probation.”  Approximately a
week after being placed on “behavioral probation,” Pederson admitted that he
removed a lock from another person’s locker and then lied about having done so.    

            Sufficient
evidence was presented for the trial court to have concluded, by a
preponderance of the evidence, that Pederson violated a term of his community
supervision.  We conclude that the trial
court did not abuse its discretion in finding that Pederson failed to follow
all the recommendations of the VA.  

            For the reasons stated, we affirm
the judgment of the trial court.

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          July 5, 2011

Date Decided:             July 6, 2011

 

Do Not Publish

 











[1]Community
Supervision Corrections Department.





[2]The
State also alleged Pederson 1) failed to pay community supervision fees, 2)
failed to pay court costs, and 3) failed to report by telephone to the
community supervision officer.  The trial
court found the allegations concerning the fees and court costs not true based
on an inability to pay.  Debra Roberts,
Director of the Fannin County Community Supervision and Corrections Department,
testified, to her knowledge, Pederson did not have any ability to pay the
community supervision fee or the court costs. 
The trial court also found the allegation that Pederson failed to report
to his community supervision officer not true. 
Roberts testified there was no indication in Pederson’s file that he reported
after arriving at the VA hospital. 
Pederson’s community supervision officer had been dismissed for reasons
unrelated to this case.  Pederson
testified his community supervision officer had provided him with her cell
phone number and he had called her on her cell phone.  Pederson testified that she would often not
answer the cell phone or return his call, but testified he “figured she’s the
one that’s in charge, she knows what she’s doing . . . .”  Pederson testified he had not been provided
an office number for his community supervision officer.  

 





[3]The
State argues Pederson failed to challenge on appeal all of the methods by which
Pederson could violate the allegation the trial court found to be true.  The State also argues the trial court could
make a “reasonable inference” that Pederson’s conduct violated the rules and
regulations of the VA.  The State also
argues “[a]lthough the rulebook itself was never put in evidence, it seems
reasonable for the trial court to conclude Appellant’s act of taking another’s
property was contrary to the established rules of the VA.”  It is not necessary for us to address these
arguments.





[4]Pederson
testified he forgot about the appointments. 


 





[5]Pederson
testified he mistakenly believed the credit counseling classes were not
mandatory.  Pederson testified he missed
the anger management class for oversleeping, but did not inform the instructor
that he overslept.  Pederson admitted he
had been reprimanded for “sleeping in past eight o’clock.”