Opinion filed July 19,
2012

 

 

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00085-CR 

                                                    __________

 

                              TONY
LAMAR LOCKETT, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 350th District Court

 

                                                            Taylor
County, Texas

 

                                                    Trial
Court Cause No. 7357-D 

 



 

                                            M
E M O R A N D U M   O P I N I O N

            This
is an appeal from a judgment adjudicating guilt.  We affirm.

            Tony
Lamar Lockett originally pleaded guilty to the offense of possession of cocaine
in the amount of one gram or more but less than four grams.  Pursuant to the
plea bargain agreement, the trial court deferred adjudication of guilt, placed
appellant on community supervision for six years, and assessed a fine of $1,500. 
The trial court amended the conditions of appellant’s community supervision on
several occasions.  On April 17, 2008, the State filed a motion to revoke
community supervision and to adjudicate.  Later, the State filed a motion to
dismiss its motion.  By separate orders, the trial court dismissed the State’s
motion and entered an order amending the terms of appellant’s community
supervision.  On April 8, 2009, the State filed another motion to revoke
community supervision and to adjudicate.  The State later filed a motion to
dismiss this motion, and the trial court entered an order dismissing the State’s
motion and amending the conditions of appellant’s community supervision. 
Later, the trial court amended the conditions of appellant’s community supervision
on multiple occasions.

            On
November 4, 2009, the State filed another motion to revoke community
supervision and to adjudicate.  In its motion, the State alleged that appellant
had committed twenty-three violations of the conditions of his community supervision. 
The trial court held a hearing on the motion.  At the hearing, appellant
pleaded true to nineteen of the State’s allegations.  After the evidence was
concluded, the trial court found that these nineteen allegations were true, and
the trial court also found that one other allegation was true.  Therefore, the trial
court found that appellant had violated the terms and conditions of his
community supervision, revoked his community supervision, adjudicated his
guilt, imposed a sentence of confinement for seven years, and assessed a fine
of $1,500.

            We
review a trial court’s judgment revoking community supervision under an abuse
of discretion standard.  Rickels v. State, 202 S.W.3d 759, 763 (Tex.
Crim. App. 2006).  In his sole issue on appeal, appellant does not challenge
the evidence supporting the trial court’s findings that he violated the terms
and conditions of his community supervision.  Instead, appellant contends that
the State waived its right to seek revocation of his community supervision.

            The trial
court placed appellant on community supervision in October 2005.  The State’s
latest motion to revoke, which was filed on November 4, 2009, included
allegations that had also been included in its earlier motions to revoke.  Some
of the State’s allegations in its latest motion to revoke related to conduct
that occurred within a month after appellant was placed on community
supervision.  Appellant argues that the State did not move to revoke his
community supervision and to adjudicate within a reasonable time period after the
violations of the conditions of his community supervision allegedly occurred
and that, therefore, the State waived its right to seek redress for the alleged
violations.  Based on his waiver argument, appellant asserts that the trial
court’s judgment revoking his community supervision and adjudicating guilt
violated his due process rights.

            A
party must present a complaint to the trial court to preserve the complaint for
appellate review.  Tex. R. App. P.
33.1(a); Lopez v. State, 253 S.W.3d 680, 684 (Tex. Crim. App. 2008); Wilson
v. State, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002).  Appellant did not
raise his waiver argument in the trial court.  Therefore, he failed to preserve
error for appellate review.

            However,
even had appellant preserved error, we would conclude that the trial court did
not abuse its discretion by revoking appellant’s community supervision and
adjudicating guilt.  As stated above, the State’s motion to revoke included
allegations that were also included in its earlier motions to revoke.  The
trial court did not hold a hearing on the earlier motions but, instead,
dismissed the earlier motions at the State’s request.  Because the trial court
did not take a plea, hear evidence, or hold hearings on the earlier motions, the
State was free to file a later motion to revoke that included allegations from
its earlier motions.  Bigham v. State, 233 S.W.3d 118, 121 (Tex. App.—Texarkana
2007, no pet.); Winkle v. State, 718 S.W.2d 306, 307–08 (Tex. App.—Dallas
1986, no pet.).  Thus, the State did not waive its right to seek revocation
based on the earlier allegations.  Additionally, we note that the State’s latest
motion to revoke included several allegations that were based on conduct that
occurred after the State filed its second motion to revoke.

            A trial
court is authorized to revoke a defendant’s deferred adjudication community
supervision and adjudicate his guilt on the original charge if the State proves
by a preponderance of the evidence that the defendant violated any condition of
his community supervision.  Tex. Code Crim.
Proc. Ann. art. 42.12, § 5(b) (West Supp. 2011); Rickels, 202
S.W.3d at 763–64.  Proof of one violation is sufficient to support a
revocation.  McDonald v. State, 608 S.W.2d 192, 200 (Tex. Crim. App.
1980); Taylor v. State, 604 S.W.2d 175, 180 (Tex. Crim. App. 1980); Leach
v. State, 170 S.W.3d 669, 672 (Tex. App.—Fort Worth 2005, pet. ref’d).  A
plea of true alone is sufficient to support a trial court’s determination to
revoke.  Moses v. State, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979); Cole
v. State, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979); Hays v. State,
933 S.W.2d 659, 661 (Tex. App.—San Antonio 1996, no pet.).  When a plea of true
is made, the sufficiency of the evidence to support the revocation may not be
challenged.  Cole, 578 S.W.2d at 128; Hays, 933 S.W.2d at 661.

            Appellant
pleaded true to nineteen of the State’s allegations, and the trial court found
those nineteen allegations to be true.  Appellant’s “true” pleas were
sufficient to support the trial court’s revocation of his community supervision
and adjudication of guilt.  Cole, 578 S.W.2d at 128; Hays, 933
S.W.2d at 661.  After hearing evidence, the trial court found a twentieth
allegation to be true.  Therefore, we conclude that the trial court did not
abuse its discretion or violate appellant’s due process rights by revoking his
community supervision and adjudicating his guilt.  Appellant’s sole issue is
overruled.

            The
judgment of the trial court is affirmed.

 

 

                                                                                                TERRY
McCALL

                                                                                                JUSTICE      


July 19, 2012

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.