**Opinion filed July 19, 2012**



## In The

# Eleventh Court of Appeals

_____

## No. 11-10-00085-CR

_____

## TONY LAMAR LOCKETT, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 350th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 7357-D**

### MEMORANDUM OPINION

This is an appeal from a judgment adjudicating guilt. We affirm.

Tony Lamar Lockett originally pleaded guilty to the offense of possession of cocaine in the amount of one gram or more but less than four grams. Pursuant to the plea bargain agreement, the trial court deferred adjudication of guilt, placed appellant on community supervision for six years, and assessed a fine of $1,500. The trial court amended the conditions of appellant's community supervision on several occasions. On April 17, 2008, the State filed a

motion to revoke community supervision and to adjudicate. Later, the State filed a motion to dismiss its motion. By separate orders, the trial court dismissed the State's motion and entered an order amending the terms of appellant's community supervision. On April 8, 2009, the State filed another motion to revoke community supervision and to adjudicate. The State later filed a motion to dismiss this motion, and the trial court entered an order dismissing the State's motion and amending the conditions of appellant's community supervision. Later, the trial court amended the conditions of appellant's community supervision on multiple occasions.

On November 4, 2009, the State filed another motion to revoke community supervision and to adjudicate. In its motion, the State alleged that appellant had committed twenty-three violations of the conditions of his community supervision. The trial court held a hearing on the motion. At the hearing, appellant pleaded true to nineteen of the State's allegations. After the evidence was concluded, the trial court found that these nineteen allegations were true, and the trial court also found that one other allegation was true. Therefore, the trial court found that appellant had violated the terms and conditions of his community supervision, revoked his community supervision, adjudicated his guilt, imposed a sentence of confinement for seven years, and assessed a fine of $1,500.

We review a trial court's judgment revoking community supervision under an abuse of discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). In his sole issue on appeal, appellant does not challenge the evidence supporting the trial court's findings that he violated the terms and conditions of his community supervision. Instead, appellant contends that the State waived its right to seek revocation of his community supervision.

The trial court placed appellant on community supervision in October 2005. The State's latest motion to revoke, which was filed on November 4, 2009, included allegations that had also been included in its earlier motions to revoke. Some of the State's allegations in its latest motion to revoke related to conduct that occurred within a month after appellant was placed on community supervision. Appellant argues that the State did not move to revoke his community supervision and to adjudicate within a reasonable time period after the violations of the conditions of his community supervision allegedly occurred and that, therefore, the State waived its right to seek redress for the alleged violations. Based on his waiver argument, appellant asserts that the trial court's judgment revoking his community supervision and adjudicating guilt violated his due process rights.

A party must present a complaint to the trial court to preserve the complaint for appellate review. TEX. R. APP. P. 33.1(a); *Lopez v. State*, 253 S.W.3d 680, 684 (Tex. Crim. App. 2008); *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). Appellant did not raise his waiver argument in the trial court. Therefore, he failed to preserve error for appellate review.

However, even had appellant preserved error, we would conclude that the trial court did not abuse its discretion by revoking appellant's community supervision and adjudicating guilt. As stated above, the State's motion to revoke included allegations that were also included in its earlier motions to revoke. The trial court did not hold a hearing on the earlier motions but, instead, dismissed the earlier motions at the State's request. Because the trial court did not take a plea, hear evidence, or hold hearings on the earlier motions, the State was free to file a later motion to revoke that included allegations from its earlier motions. *Bigham v. State*, 233 S.W.3d 118, 121 (Tex. App.—Texarkana 2007, no pet.); *Winkle v. State*, 718 S.W.2d 306, 307–08 (Tex. App.—Dallas 1986, no pet.). Thus, the State did not waive its right to seek revocation based on the earlier allegations. Additionally, we note that the State's latest motion to revoke included several allegations that were based on conduct that occurred after the State filed its second motion to revoke.

A trial court is authorized to revoke a defendant's deferred adjudication community supervision and adjudicate his guilt on the original charge if the State proves by a preponderance of the evidence that the defendant violated any condition of his community supervision. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (West Supp. 2011); *Rickels*, 202 S.W.3d at 763–64. Proof of one violation is sufficient to support a revocation. *McDonald v. State*, 608 S.W.2d 192, 200 (Tex. Crim. App. 1980); *Taylor v. State*, 604 S.W.2d 175, 180 (Tex. Crim. App. 1980); *Leach v. State*, 170 S.W.3d 669, 672 (Tex. App.—Fort Worth 2005, pet. ref'd). A plea of true alone is sufficient to support a trial court's determination to revoke. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979); *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979); *Hays v. State*, 933 S.W.2d 659, 661 (Tex. App.—San Antonio 1996, no pet.). When a plea of true is made, the sufficiency of the evidence to support the revocation may not be challenged. *Cole*, 578 S.W.2d at 128; *Hays*, 933 S.W.2d at 661.

Appellant pleaded true to nineteen of the State's allegations, and the trial court found those nineteen allegations to be true. Appellant's "true" pleas were sufficient to support the trial court's revocation of his community supervision and adjudication of guilt. *Cole*, 578 S.W.2d at

128; *Hays*, 933 S.W.2d at 661.  After hearing evidence, the trial court found a twentieth allegation to be true.  Therefore, we conclude that the trial court did not abuse its discretion or violate appellant's due process rights by revoking his community supervision and adjudicating his guilt.  Appellant's sole issue is overruled.

The judgment of the trial court is affirmed.

TERRY McCALL

JUSTICE

July 19, 2012

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.